**CITY OF EVANSVILLE, Indiana,**
**Appellant (Defendant and**
**Counterclaimant Below),**

v.

**OLD STATE UTILITY CORPORATION**
**and Building Development, Inc. Louis**
**Heuer and Alma Heuer, Appellees**
**(Plaintiffs and Counterdefendants Be-**
**low).**

No. 82A01–8908–CV–325.

Court of Appeals of Indiana,
First District.

March 7, 1990.

George A. Porch, Bamberger, Foreman, Oswald and Hahn, Evansville, for appellant.

Thomas M. Swain, Evansville, for appellees.

ROBERTSON, Judge.

The City of Evansville (City) appeals the entry of a judgment declaring a certain contract between the City by its Board of Sewage Works, Old State Utility Corp. (Old State), a rural sewer utility, and Building Development Corp. valid and binding.

We reverse.

The circumstances leading to the agreement in controversy are these: Appellee-plaintiff Building Development Corp. holds land for development and offers for sale to the public improved residential lots outside the City's corporate limits. Old State holds certain certificates of territorial authority issued by what was then the Public Service Commission to provide rural area sewer service to the land owned by Building Development and to purchasers of Building Development's lots. In October of 1978, the Indiana Stream Pollution Control Board and the Indiana Department of Health or-

dered Old State to tap into the sewer of the City and the City to accept Old State's sewage for treatment. At approximately the same time, the City began construction of a sewer line across the land owned by Building Development to serve a subdivision bordering Building Development's property. When the City's attempts to construct the line without first obtaining an easement were resisted by Building Development and Old State, the City sought to acquire an easement by eminent domain. Ultimately, the parties agreed that construction of the sewer line should not be delayed and that Old State would be permitted to connect to the City's sewer system without paying a tapping fee, but other differences between the parties remained unresolved. In an effort to deal with the urgency of the Pollution Control Board's order and the City's need to extend service to the subdivision bordering Building Development's property, the City, Old State, and Building Development entered into the "Agreement and Right of Entry" of December 21, 1978 which is the subject of this appeal. The City dismissed its eminent domain suit.

The pertinent provisions of the 1978 agreement are as follows:

WHEREAS, the City of Evansville is contemplating construction of a sanitary sewer line ... which will require the acquisition of a right-of-way across certain lands of Building Development, Inc., ... and

WHEREAS, it is desirable that such construction be commenced as rapidly as possible but certain questions have arisen in the negotiations between the City of Evansville and Building Development, Inc. and Old State Utility Corporation which will require additional consideration by all of the parties hereto, and it is further desired that the said questions be resolved before further negotiations are had, but it is desirable that the construction of the sanitary sewer project not be delayed.

NOW, THEREFORE, be it agreed by and between the City of Evansville, Building Development, Inc., and Old

State Utility Corporation that for and in consideration of the promises and covenants hereinafter set out and the further benefits that may be derived by the parties hereto by an extended period in which to resolve questions and continue negotiations, it is hereby agreed among the parties hereto as follows:

1. Building Development, Inc. does hereby grant unto the City of Evansville a right of entry on and across the following described real estate owned by it ...

2. Old State Utility Corporation will, as expeditiously as possible, connect the sanitary sewage lines owned by Old State Utility Corporation within the territory designated as Certificate of Territorial Authority No. 85–A into the sanitary sewer system of the City of Evansville ...

3. During the period of negotiations between the parties hereto concerning compensation to which Building Development, Inc. and Old State Utility Corporation may be entitled to (sic) for a grant of an easement across the real estate described hereinabove ... and any further compensation, if any, to which Old State Utility Corporation may be entitled to (sic) upon the future conveyance of one or both of its sanitary sewage systems to the City of Evansville, Old State Utility Corporation shall be entitled to and is hereby authorized to continue to collect the Public Service Commission of Indiana (sic) authorized monthly sewage charge of $6.80 per each user connected into its sewage system, provided, however, that Old State Utility Corporation shall pay unto the City of Evansville, Indiana, the sum of $3.35 for each user connected into its sewage system per month.

All sums of money collected by Old State Utility Corporation and not required to be paid to the City of Evansville, Indiana, shall be retained by Old State Utility Corporation unless and until the Public Service Commission of Indiana makes a determination that said sum should have been paid to the City of Evansville, Indiana, in the first instance....

6. None of the parties hereto waive any of their rights in the event negotiations fail and it is necessary that administrative or judicial proceedings be instituted or continued in order to resolve the questions arising among the parties hereto.

7. All the parties hereto agree that they will act expeditiously in order to conclude all questions arising between the parties hereto, whether it be by negotiation among the parties hereto or by judicial or administration proceedings and none of the parties hereto will do any voluntary act to intentionally delay those proceedings.

8. The right of entry herein granted shall terminate upon conveyance to the City of Evansville, Indiana, of the real estate herein described for the purposes and uses herein set forth.

Old State continues to maintain and repair the lines to its customers and charge each customer at a rate prescribed by the Indiana Utility Regulatory Commission. The City continued to abide by its 1978 agreement with Old State until November, 1988 when it determined that, having obtained its easement and connection with Old State, the agreement was no longer binding. Old State brought this action for declaratory judgment in response to the City's attempts in November of 1988 and subsequently to bill it as a single entity without quantity discount pursuant to the sewer fee schedule set by ordinance of the Evansville Common Council.

 The trial court's judgment contains special findings of fact and conclusions of law as well as a general finding in favor of Old State.[1] In short, the court found the agreement to have been negotiat-

---

1. The City does not challenge the trial court's factual findings as unsupported by the evidence; rather, it argues only that the trial court's interpretation of the contract is contrary to law. Where a party challenges the judgment only as contrary to law, we do not consider the evidence but instead look only to the trial court's findings to determine whether they support the judgment. Where the appellant does not attack the validity of the trial court's findings, we accept them as true. *Dept. of Environmental Management v. Amax, Inc.* (1988), Ind.App., 529 N.E.2d 1209, 1211.

ed in good faith and that part of the consideration for the agreement was a pegged rate for sewer service and no charge to Old State for a tap-in when it eventually tied to the city sewer. It determined that that portion of the agreement relating to the fees to be charged Old State was still in force and effect and binding upon Old State and the City.

▮ The City contends in this appeal that the 1978 agreement is either void or voidable at the election of the City because the document

(1) is illegal and against public policy in that it purports to set public sewer rates by private contract;

(2) was entered into by a board of sewage works which was acting beyond the scope of its authority;

(3) lacks consideration; and,

(4) contains no term, rendering it terminable at will.

Old State argues that the City is barred from raising the doctrines of illegality, ultra vires, and lack of consideration for the first time in this appeal because these challenges to the agreement were not affirmatively pleaded in the City's answer or tried by implied consent. Having reviewed the pleadings, arguments of counsel, evidence, and findings and conclusions submitted by the parties, we agree that these issues were not raised before the trial court. Indeed, the court specifically asked the City's witness who espoused the view that the agreement was no longer binding why the contract should no longer be honored. The sole theory relied upon at that time was one of contract interpretation, namely, that the contract had by its terms ended.

On appeal, the parties are held to the interpretation which they put upon the agreement below and to the theory upon which they tried the case. An appellant who has presented his case to the trial court on a particular and definite theory cannot prevail on appeal upon another theory not previously advanced. *Marshall County Redi–Mix, Inc. v. Matthew* (1984), Ind., 458 N.E.2d 219, 222; *Thompson v. Daviess–Martin County REMC* (1985), Ind.App., 486 N.E.2d 1102, 1105. The City

confined its trial strategy to the position that the agreement, once binding, was no longer in effect and that it was entitled to fees from Old State at the rate set by ordinance. It is barred from raising other theories this late in the proceedings. *Van Bibber v. Norris* (1981), 275 Ind. 555, 419 N.E.2d 115, 126. Accordingly, the sole issue we consider is whether the contract had, by its terms, expired.

▮ The cardinal principle of contract interpretation is to ascertain the intention of the parties from their expression of it and to give effect to that intention if it can be done consistently with legal principles. *English Coal Co., Inc. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, 308, *trans. denied; House v. Lesow* (1975), 167 Ind.App. 449, 339 N.E.2d 86, 90. Where the terms of the instrument are susceptible of a clear and unambiguous construction, evidence of the intent of the parties extrinsic to the contract is inadmissible. *Id.* Likewise, if the meaning of a contract is clear and unambiguous on its face, its effect will not be controlled by an erroneous construction placed upon the agreement by the parties, *id.; Fort Wayne Bank Bldg., Inc. v. Bank Bldg. & Equipment Corp.* (1974), 160 Ind. App. 26, 309 N.E.2d 464, 468, because such extrinsic evidence may not be considered where no ambiguity exists in the contract. *Id.*

▮ There can be no doubt from a review of the document as a whole that the agreement was intended by the parties to be a temporary solution to their mutual difficulties. That intent is carried over to the provision of the agreement entitling Old State to the so-called "pegged" rate. The parties' agreement concerning the payment of a fixed sewer rate by Old State is confined exclusively to paragraph three. That paragraph is introduced by the clause

[d]uring the period of negotiations between the parties ... concerning compensation ... for a grant of an easement ... and any further compensation, if any, to which Old State ... may be entitled to (sic) upon the future conveyance

of ... its sanitary sewage systems ... Old State shall be entitled ...

On its face, the agreement does not purport to grant Old State a perpetual right to pay at a fixed rate; it entitles Old State to a fixed rate only for the period of negotiations.

The record shows that the period of negotiations concerning the acquisition of a right-of-way concluded by December 6, 1982 when Old State granted the City the desired easement. No negotiations are ongoing over the purchase of Old State's two sewage systems. Indeed, there is no evidence that any negotiations concerning the purchase of Old State's sewage systems continued beyond the date of conveyance of the easement. Although it is typical for developers operating sewage utilities to turn their lines over to the City for maintenance and it is contemplated that ultimately, upon such an occurrence, Building Development would cease to exist, conveyance of Old State's systems has not yet occurred because lots held by Building Development remain to be sold.

The 1978 agreement is unambiguous in its treatment of the duration of Old State's entitlement to a fixed rate. That entitlement ended as a matter of law when negotiations ceased.

The City urges us to direct the trial court to enter a judgment on its counterclaim, requiring Old State to pay at the City's rate set by ordinance as of November 1, 1988. However, Old State has argued before this court and the trial court alternatively that either the City be compelled to bill each individual lot owner as its ordinance provides or bill it at the quantity discount rate on total water consumption the City offers other quantity users. Because of its disposition of the case, the trial court did not resolve the factual and legal disputes raised by the City's counterclaim. We, therefore, leave for resolution by the trial court on remand, the issues remaining on the counterclaim including the amount owed the City by Old State since November 1, 1988.

The judgment of the trial court on Old State's complaint for declaratory judgment is reversed as is its judgment on the City's counterclaim and judgment in favor of the City for amounts owed by Old State calculated at the contract rate and the cause is remanded for further proceedings not inconsistent with this opinion.

RATLIFF, C.J., and GARRARD, P.J., concur.