## In re the MARRIAGE OF Thomas A. SNEMIS, Appellant–Petitioner,

### and

## Anna M. Snemis, Appellee–Respondent.

### No. 56A03–8910–CV–432.[1]

Court of Appeals of Indiana,
Fifth District.

July 25, 1991.

January 2, 1991.

Fred M. Cuppy, Kathryn D. Schmidt, Burke, Murphy Costanza & Cuppy, Merrillville, for appellant-petitioner.

Mark Warren Coleman, Law Offices, Charles G. Nightingale, Valparaiso, for appellee-respondent.

RUCKER, Judge.

This appeal arises out of a final decree, dissolving the marriage of Thomas A. Snemis (Husband) and Anna M. Snemis (Wife). Husband appeals the decision of the trial court regarding the property distribution, and Wife cross-appeals on the failure of the trial court to award maintenance.

Husband presents two issues for our review which we consolidate and rephrase as follows:

Whether the trial court's distribution of the marital property was contrary to law. Wife presents one issue in her cross-appeal:

Whether the trial court erred in failing to provide spousal maintenance.

We affirm in part and remand with instructions.

The facts most favorable to the judgment reveal that the parties were married on July 22, 1978. Except for a brief period of employment in a business operated by the parties, Wife was not employed during the marriage. Husband preferred that Wife not work, consequently Wife contrib-

uted to the marriage as a homemaker and by working on the remodeling of the family home. She did not bring any substantial assets into the marriage.

Since 1980, Husband has been a 51% owner of a family construction business from which he earns a salary of $26,000.00 to $30,000.00 a year. Both before and during the marriage, Husband acquired several assets in the form of realty, primarily as gifts from his father.

At the time of the dissolution, Wife was 55 years of age. During the marriage she suffered a back injury which, after surgery, left her 5% to 10% disabled.

In its findings and judgment of June 14, 1989, the trial court divided the marital property awarding 75% to Wife and 25% to Husband.[2]

Additional facts will be discussed below as necessary.

## I.

Husband first emphasizes that the trial court entered findings of fact with its judgment and since he does not contest the findings, we must accept them as true and not consider the evidence of record. Husband concludes that our review is therefore limited to a determination of whether the findings support the judgment. *City of Evansville v. Old State Utility* (1990), Ind. App., 550 N.E.2d 1339.

Husband goes on to argue that, since the court's findings only support an unequal division favoring him, we are therefore bound to reverse the judgment as contrary to law. Husband asserts that if the law is correctly applied to the court's findings, a property distribution is mandated in which he receives more than 50% of the marital assets.

■ Husband's argument rests on the incorrect premise that the trial court entered "special findings" of fact with conclusions of law. Upon written request by a party prior to the admission of evidence, a

court must make special findings which contain all of the facts necessary for recovery by a party in whose favor conclusions of law are found. *Dahnke v. Dahnke* (1989), Ind.App., 535 N.E.2d 172, *reh. denied.* Their purpose is to serve as a theory of the judgment. *Willett v. Clark* (1989), Ind.App., 542 N.E.2d 1354. Special findings are adequate only if sufficient to support a valid legal basis for the judgment. *Dahnke, supra.*

■ In the case before us there was no request for special findings. Rather, the court entered findings with the judgment *sua sponte.* When a trial court makes specific findings on its own motion, the general judgment will control as to the issues upon which the court has not found and the specific findings control only as to the issues they cover. *United Farm Bureau Mut. Ins. Co. v. Blanton* (1983), Ind. App., 457 N.E.2d 609. We may not reverse the trial court's findings in such circumstances unless they are clearly erroneous. Ind.Trial Rule 52(A). However, the general judgment will be affirmed if it can be sustained upon any legal theory by the evidence introduced at trial. *United Farm Bureau, supra.*

In short, we are bound by the trial court's findings in this case only as to the matters to which they refer. Contrary to Husband's contentions, our deferential standard of review is otherwise unaffected by the trial court's entry of findings. The trial court's failure to support its judgment with complete findings does not mandate reversal as is required when findings have been requested. *Dahnke, supra.* We are constrained in this case to look to the evidence of record to determine if the result is against the facts and circumstances before the court. *Euler v. Euler,* (1989) Ind.App., 537 N.E.2d 554.

## II.

Husband next contends that the 75/25 division of marital property favoring Wife

**2.** Throughout his brief Husband argues in terms of an alleged 73/17 division of the marital property. Wife does not dispute Husband's breakdown of the distribution except to argue that

Husband's percentage figures are incorrect and that a 75/25 division is the correct characterization. Our own calculations lead us to the conclusion that the Wife is correct.

constitutes an abuse of discretion as a matter of law. We disagree.

The trial court's division of the marital property is governed by Ind.Code § 31–1–11.5–11(c), which provides in pertinent part:

(c) The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that such an unequal division would not be just and reasonable:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift.

(3) The economic circumstances of each spouse at the time the distribution of the property is to become effective ...

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

■ Subject to the statutory presumption that an even distribution of marital property is just and reasonable, the disposition of marital assets is committed to the sound discretion of the trial court. We may not reweigh the evidence or assess the credibility of witnesses. Rather, we consider only the evidence most favorable to the trial court's disposition. Furthermore, the trial court's disposition is considered as a whole, not item by item. We will reverse only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Euler v. Euler; Crowe v. Crowe* (1990), Ind.App., 555 N.E.2d 180.

■ Husband's contention that he was entitled to receive more than one-half of the marital property, based on the findings which favor him, amounts to an invitation to reweigh the evidence. This we cannot do. Considering Wife's long hiatus from the work force in order to serve as a homemaker, an exclusive role which Husband encouraged; Wife's homemaking contributions to the marriage; her physical limitations and age; and Husband's greater earning ability as a business owner, the trial court did not commit error by failing to award Husband more than 50% of the marital property. An equal division of property would not constitute an abuse of discretion in this case. *See Euler, supra; In re Marriage of Lay*, (1987), Ind.App., 512 N.E.2d 1120.

The trial court did not divide the marital property evenly but rather awarded 75% to Wife and 25% to Husband. There is no *per se* error in this division so as to justify reversal; more widely divergent divisions of marital property have been found to be "just and reasonable." *See Lord v. Lord* (1983), Ind.App., 443 N.E.2d 847, *reh. denied*, (77/23 deviation upheld as not against the facts and circumstances before the court); *Shumaker v. Shumaker* (1990), Ind.App., 559 N.E.2d 315 (85/15 deviation upheld as satisfying requirements of Ind. Code § 31–1–11.5–11(c)).

■ However, Husband correctly points out that the trial court failed to set forth its reasons for unequally dividing the marital property. Although the trial court may in the exercise of its discretion divide the marital property unequally, Ind.Code § 31–1–11.5–11(c) requires the court, when it does so, to set forth a basis for its decision. *Euler, supra; In re Marriage of Davidson* (1989), Ind.App., 540 N.E.2d 641, *reh. denied.*

The evidence in this case may support a 75/25 division of the marital property favoring Wife, but we will not speculate as to the trial court's reasoning. We remand this case to the trial court to either divide the marital property equally, or to set forth its rationale for dividing the property unequally.

### III.

In her cross-appeal, Wife contends that the trial court's failure to award her maintenance, pursuant to Ind.Code § 31–1–11.5–11(e)(1), constitutes an abuse of discretion. Review of this issue requires some initial

attention to the procedural history of this appeal.

Husband timely filed his praecipe on July 12, 1989, the record on October 10, 1989 and his brief on November 7, 1990. We granted Wife numerous extensions of time to file her brief, based on her stated intention to supplement the record in support of her cross-appeal.

From the verified pleadings, we glean that Wife filed a motion to correct errors which was directed toward the trial court's failure to award maintenance, and this was denied by the trial court on November 21, 1989. Wife desired to have the record reflect the trial court's action, and filed a praecipe for a supplemental record on December 18, 1989. Wife did not specifically seek an extension of time to file a supplemental record until March 7, 1990. Thereafter, Wife missed numerous deadlines and her last petition for an extension of time to supplement the record was denied by this court.

As a threshold matter Husband seeks dismissal of Wife's cross-appeal. He contends that dismissal is mandated because Wife did not file her first petition for an extension of time to file a supplemental record until more than 90 days after the praecipe was filed. Therefore, Husband argues, because Wife did not meet the requirements of Appellate Rule 3(B), her cross-appeal was not perfected and this court is without jurisdiction to review it. *See Eggers v. Wright* (1969), 253 Ind. 44, 245 N.E.2d 331, *reh. denied; State v. Innkeepers of New Castle, Inc.* (1979), 271 Ind. 286,. 392 N.E.2d 459, *reh. denied; Koors v. Great Southwest Fire Ins. Co.* (1988), Ind. App., 530 N.E.2d 780, *reh. denied*, 538 N.E.2d 259 (1989).

■ While it is unquestionably the case that the timely filing of the original record is a jurisdictional act for an appellant, we find no authority to support Husband's assertion that the same rule applies to a cross-appellant's filing of a supplemental record. We do not find Husband's argument to be entirely without merit. However, we believe that recent changes in

Trial Rule 59 point to an opposite conclusion.

Because a motion to correct errors was until recently a prerequisite to the presentation of any error on appeal, cross-appeals have had a long history of presenting procedural traps for the unwary. Before *P–M Gas & Wash Co., Inc. v. Smith* (1978), 268 Ind. 297, 375 N.E.2d 592, and the 1981 and 1989 amendments to Trial Rule 59, it was often quite difficult to determine how to proceed so as to perfect a cross-appeal.

In *P–M Gas*, our supreme court approved of a holding in *Seco Chemicals, Inc. v. Stewart* (1976), 169 Ind.App. 624, 349 N.E.2d 733, *reh. denied*, that an appellee need not file a praecipe in order to perfect a cross-appeal if the appellant's original praecipe covered the entire record. The rule of *Seco* therefore defeats Husband's contention that the filing of a supplemental record is a jurisdictional prerequisite for Wife's cross-appeal.

Moreover, a review of Trial Rule 59(G) reveals a general intention to permit a party to raise cross-error on appeal simply by including an assertion of "any" grounds for relief in the appellate brief:

> [I]f a praecipe rather than a motion to correct error is filed by a party in the trial court, the opposing party may raise any grounds as cross-errors and also may raise any reasons to affirm the judgment directly in the appellate brief, including those grounds for which a motion to correct error is required when directly appealing a judgment under Sections (A)(1) and (2) of this rule.

The foregoing language supports our conclusion that the jurisdiction of this court attaches when the original record is filed and thereby encompasses any cross-appeals advanced in the appellee's brief. Any other interpretation on our part would be at odds with the remedial goals of the amendments to Trial Rule 59.

We therefore deny Husband's motion to dismiss. We hold that we have jurisdiction to review Wife's cross-appeal.

■ However, due to Wife's failure to file a supplemental record, we are unable

to review any issues relating to her motion to correct errors. We must limit our review to the record before us. An error alleged but not disclosed by the record is not a proper subject for our review. *Martin Chevrolet Sales, Inc. v. Dover* (1986), Ind.App., 501 N.E.2d 1122. Moreover, in our consideration of a case we may not receive information as to the proceedings below except from the transcript of record. *Indiana & Mich. Elec. Co. v. Pounds* (1982), Ind.App., 428 N.E.2d 108, *trans. denied.*

In the case before us Wife has attached an appendix to her brief which contains matters outside the record. We therefore grant Husband's petition to strike the appendix and all references to it.

█ Turning to the merits of this issue, a trial court may make an award of maintenance based on a finding that the spouse's self-supporting ability is materially impaired. Ind.Code § 31–1–11.5–11(e). The trial court's power to make an award of maintenance is wholly within its discretion. Our review is limited to a determination of whether the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Beeson v. Beeson* (1989), Ind.App., 538 N.E.2d 293.

█ Wife sought maintenance based on an alleged incapacity for employment stemming from an injury to her back. At the hearing in this case the trial court indicated that it would not make an award of maintenance without supporting medical testimony. Wife contends that the decision not to award maintenance must not be allowed to stand because the trial court employed an incorrect legal standard. Namely, the need for expert medical testimony. In support of her argument Wife directs our attention to *Paxton v. Paxton* (1981), Ind.App., 420 N.E.2d 1346, *reh. denied.*

In *Paxton* an award of maintenance for the wife was upheld based solely on the wife's testimony that she was incapacitated and could not work. This evidence was held to be sufficient to support the trial court's finding of incapacity, despite the lack of supporting medical testimony. The Husband's argument that medical testimony was required was explicitly rejected.

In the case before us the trial court could have made an award of maintenance to Wife without medical evidence. However, the trial court was well within its discretion to insist on medical testimony particularly when the alleged incapacity was based on a specific medical condition for which Wife was under treatment. Even if the trial court did err in this regard Wife has not shown that she was prejudiced by the error; the deposition of Wife's physician was published and before the trial court at the time the court made its decision.

The trial court made a finding that Wife was "not physically or mentally incapacitated to the extent that her ability to support herself is materially affected." We must accept this finding provided it is supported by evidence of record. *Cornett, supra.* Our review of the record reveals evidence in support of the court's finding. Wife's physician, through his deposition, testified that Wife was rendered only 5% to 10% disabled. There was also testimony indicating the existence of jobs that Wife could perform.

In light of the foregoing we cannot say that the trial court's failure to award maintenance was an abuse of discretion.

We find no error.

We remand this case to the trial court with instructions to either divide the marital property equally, or to set forth its rationale for dividing the property unequally. In all other respects the decision of the trial court is affirmed.

BAKER and STATON, JJ., concur.