CUSTOMERS OF OLD STATE UTILITY CORPORATION, Appellants–Intervenors,

v.

OLD STATE UTILITY CORP., Building Development, Inc., Louis Heuer & Alma Heuer, Appellees–Plaintiffs,

City of Evansville, Indiana, Appellee–Defendant.

CITY OF EVANSVILLE, Indiana, Cross-appellant-Cross-appellee,

v.

OLD STATE UTILITY CORP., Cross-appellee-Cross-appellant.

No. 82A01–9103–CV–71.

Court of Appeals of Indiana, First District.

Aug. 22, 1991.

Rehearing Denied Sept. 18, 1991.

Thomas G. Krochta, Evansville, Randy Forbes, Keith Beall, Asst. Consumer Counselors, Office of Utility Consumer Counselor, Indianapolis, for appellants-intervenors.

Thomas M. Swain, Evansville, for Old State Utility.

George A. Porch, Evansville, for Evansville.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Customers of Old State Utility Corporation ("the Customers") appeal the judgment for Old State Utility Corp. ("Old State") and City of Evansville, Indiana ("City") pertaining to the collection of certain utility fees. We affirm in part, reverse in part, and remand.

## ISSUES

Because the issues raised in the cross-appeals affect the issues raised by the Customers concerning jurisdiction, we first address the cross-appeal issues raised by City:

1. Did the trial court err in deciding that the Customers, not Old State, are City's sewer customers?

2. Did the court err in ordering billing of the Customers and setting damages?

Direct appeal by the Customers:

3. Are the Customers' issues contending lack of subject matter and personal jurisdiction moot?

Cross-appeal by Old State:

4. Did the court err in denying Old State's motion to join all customers as parties?

## FACTS

Old State is a public utility providing rural sewage services to the Customers. *See* IND.CODE § 8–1–2–89 (Supp.1990). The Indiana Utility Regulatory Commission (IURC) regulates Old State and must approve the rates Old State charges the Customers. I.C. § 8–1–2–89(i). City operates a municipal utility which is not subject to IURC authority. *See* IND.CODE § 36–9–23–1 et seq. City's rates are set by its legislative body, the city council. I.C. § 36–9–23–25. In 1978, the Indiana Stream Pollution Control Board ordered Old State to tap into City's sewer system. City and Old State entered an agreement calculating the charge that Old State would pay City for sewage treatment. Under the agreement Old State collected its monthly fees from the Customers, and in turn, paid City for the sewage treatment. Old State continued to maintain and repair its lines to the Customers.

The City Council increased City's sewer charges in 1988. Old State sought a declaratory judgment, contending its agree-

ment fixed the rate that City could charge Old State for sewage treatment. The trial court held that City could not increase the rate charged to Old State. We reversed finding that the agreement was a temporary solution. *City of Evansville v. Old State Utility Corporation* (1990), Ind. App., 550 N.E.2d 1339, 1342. In *City of Evansville*, we found that the agreement did not grant Old State a perpetual right to pay a fixed rate, but that it only ensured the fixed rate during the period of negotiations for City to obtain an easement right of way. *Id.* The negotiations were concluded by December 6, 1982, when the easement right of way was conveyed to City. After determining that the period for the entitlement of the fixed rate had expired by the agreement's terms, we remanded for further proceedings regarding the billing and proper rate. *Id.* at 1343. On remand, the trial court ordered City to bill the Customers.

The Customers intervened after the judgment was entered and filed this appeal. The Customers receive two bills each month for sewer services, one from Old State and one from City.

## DISCUSSION AND DECISION

*Issue One*

■ As the reviewing court, we will not disturb the trial court's judgment unless it is clearly erroneous. We must determine whether the evidence supports the findings of fact and whether the findings support the judgment. *State Farm Auto Insurance Co. v. James* (1990), Ind.App., 562 N.E.2d 777, 780, *trans. denied.* City and Customers contend the trial court erred in deciding that the Customers, not Old State, are City's sewer customers. We agree.

The evidence supports the trial court's finding that the entire contract had expired. However, the trial court erred when it applied I.C. § 36–9–23–25(c). I.C. § 36–9–23–25(c) provides:

"The fees are payable by the owner of each lot, parcel of real property, or building that:

1) is connected with the sewage works by or through any part of the municipal sewer system; or

2) uses or is served by the works[.]"

The trial court found that the Customers are connected to City's sewer system. Record at 58–59. The evidence fails to support this finding. The Customers are connected to and use Old State's sewer system, which is intact and maintained by Old State. First Record at 196–97.[1] Old State's system is connected to City's system in two places, pursuant to the order of the Stream Pollution Control Board. First Record at 195–96. The evidence shows that Old State is City's customer. Although I.C. § 36–9–23–25(c) refers to billing the owners of lots, parcels or real property, and buildings, the statute does not contemplate the present situation where the customer is another sewage system company. We find that I.C. § 36–9–23–25(c) does not preclude our finding that Old State is City's customer.

*Issue Two*

■ As we have found that the court erroneously determined that the Customers were City's customers, it follows that the court's ruling ordering City to bill the Customers is also erroneous. Moreover, we find the trial court did not have jurisdiction to change the rate to be charged by City. The IURC has the exclusive authority to decide the rates that Old State can charge the Customers, *see* I.C. § 8–1–2–89(i); and, the city council has the exclusive jurisdiction of setting the rates which City may collect from Old State, *see* I.C. § 36–9–23–25.

We find that neither the trial court nor we have subject matter jurisdiction to change the appropriate charge City may collect from Old State since November 1, 1988. The city council set a new ordinance rate to be effective for service provided to Old State. If Old State considers the rate

---

1. Two records were filed on appeal. We refer to the record of the proceedings occurring prior to the first appeal as the "First Record". We cite the record of the proceedings after remand of the first appeal as "Record".

unreasonable, the city council should be addressed with this issue. The city council has the authority to determine a reasonable rate which should reflect that City provides only sewage treatment for Old State and not full sewer service. The city council should acknowledge that as one customer submitting a bulk amount, Old State should be charged a quantity discount rate based on the total usage rather than the rate charge for 146 customers.

Similarly, the IURC has the authority to determine the proper rate for Old State to charge the Customers, which should take into account that Old State does not provide sewage treatment but expends funds to compensate City for the sewage treatment. The last rate increase by the IURC allowed a charge of $18.40 per month per customer. If anyone contends the rate is unreasonable, review should be sought from the IURC.

In summary, the result we reach is that the Customers pay one bill for full sewage service to Old State at the rate set by the IURC. Old State then pays City the rate determined by the city council from the income received from the Customers for City's service of sewage treatment.[2]

■ Additionally, City filed a counterclaim seeking payment of past due charges. The trial court ordered Old State to pay City $1,467.30 for bills owing for April, May, and June of 1990. The record shows the trial court's calculation is based upon 146 customers × $3.35 rate/month × 3 months. City argues the amount determined by the trial court is erroneous and inadequate. City contends the court should not have applied the $3.35 rate but should have used the new ordinance rate passed by the city council on July 1, 1988, to be effective for service provided to the customers of Old State on November 1, 1988.

In the first appeal, we reversed the trial court's award of damages to City computed at the $3.35 contract rate, finding the contract had expired. We remanded for the trial court to determine the amount owed the City by Old State since November 1, 1988. During this appeal, we have determined that we cannot change the rates set by the city council for City's services. Therefore, any outstanding bills owed by Old State to City after November 1, 1988 must be awarded at the new ordinance rate. Again, if Old State believes that the new rate is unreasonable, Old State must seek relief from the city council. The trial court found that Old State owed City for the months of April, May, and June of 1990. The court erroneously applied the $3.35 rate. We remand for the court to correct its award using the new ordinance rate.

*Issue Three*

■ The Customers contend the trial court did not possess subject matter or personal jurisdiction; therefore, the judgment is void. The Customers argue that the IURC had exclusive jurisdiction to determine whether to permit City to bill and collect fees for sewage services from the Customers in Old State's territory. City and Old State claim that this issue is moot by reason of the May 1, 1991 order issued by the IURC.[3] In its order, the IURC found that City's sewage treatment activities did not place City within the IURC's jurisdiction. The IURC further found that IND.CODE § 13-7-15-1[4] had not been invoked properly to bring City within its jurisdiction.

Although Old State is subject to the jurisdiction of the IURC, City is not. Therefore, the trial court did not usurp the IURC's power in determining who are City's customers. We find the trial court had subject matter jurisdiction to decide

---

**2.** We note that this dilemma could be resolved readily if City acquired Old State's sewer system. City would then be able to bill the Customers individually for the full service provided by City.

**3.** Although the record does not contain a copy of the IURC's order, certified copies of the order are in the appendices of City's and Old State's briefs. Because all of the parties acknowledge

the order's existence and do not contend that the copies are erroneous, we will consider the order in our review.

**4.** I.C. § 13-7-15-1 empowers the IURC to determine the rate for sewage services from a municipal sewage utility to a rural sewage utility if negotiations fail to reach an agreement on the rate.

who are City's customers, even though we find the court decided erroneously that the Customers are City's customers.

Our reversal on the finding of the Customers as City's customers by the trial court vacates the order for City to bill the Customers. The issues regarding jurisdiction over the Customers are now moot, because the Customers are not affected by the judgment. *See Kaminsky v. Medical Licensing Board of Indiana* (1987), Ind. App., 511 N.E.2d 492, 496 (An issue is moot when it is no longer "live" or when the parties lack a legally cognizable interest in the outcome of its resolution).

*Issue Four*

■ Old State also argues that the trial court erred in denying Old State's motion to join the Customers as parties. However, our resolution on appeal finds that the dispute was between Old State and City. We have found that the court erred in concluding the Customers were City's customers. We further have found that the Customers do not have an interest in this action. Old State fails to show that the Customers were necessary parties to be joined in the action under Ind.Trial Rule 19(A)(2). *See State v. Merino* (1983), Ind. App., 456 N.E.2d 437, 439 (absent showing of interest, joinder under T.R. 19(A)(2) is not mandated). The trial court did not err in denying the motion to join the Customers.

We affirm the trial court's denial of the motion to join the Customers. We reverse the remainder of the court's judgment and remand with instructions for the trial court to correct its award to City for the April–June 1990 bills using the new ordinance rate; to vacate its order for City to bill the customers; and to enter judgment in accordance with our opinion.

Affirmed in part, reversed in part, and remanded. Costs assessed one-half to Customers of Old State Utility Corporation, one-half to Old State Utility Corp.

BAKER and CONOVER, JJ., concur.