**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**BRYAN LEE CIYOU**
**LORI SCHMELTZER**
Ciyou & Dixon, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CORRIE TOMBLIN, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 50A03-1211-DR-471 |
| | ) | |
| MICHAEL A. TOMBLIN, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARSHALL SUPERIOR COURT
The Honorable Robert O. Bowen, Judge
Cause No. 50D01-0906-DR-82

**July 3, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Corrie Tomblin ("Mother") appeals the trial court's order modifying custody in the decree ("Decree") dissolving her marriage to Michael A Tomblin ("Father"). We address two issues on review:

1.      Whether the evidence supports the trial court's findings.

2.      Whether the trial court applied the correct legal standard in deciding whether to modify custody.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Mother and Father began dating in 1998 when they were in high school. They had an on-and-off relationship for several years, living together at times, and have three children: Z.T., born January 24, 2000; A.T., born December 24, 2000; and K.T., born June 7, 2008 (collectively "the children"). At one point Father sought and was granted custody of the children, but shortly thereafter he was incarcerated, and custody of the children was returned to Mother. Mother and Father married in September 2008 and were divorced in October 2009. In the Decree, the court awarded custody of the children to Mother, ordered visitation for Father, and ordered Father to pay child support.[1]

On August 26, 2011, Mother filed a pro se notice of intent to relocate with the children. In the notice Mother stated that Father did not exercise visitation or pay child support; that she could not cover her bills although she worked two jobs; that Mother was moving in order to take a job and to finish her nursing education; and that she planned to live in Bloomington with her father. On September 15, Father filed his objection to

_____

[1]   The Decree refers only generally to custody and does not differentiate between legal and physical custody.

2

Mother's relocation with the children and petition to modify custody, parenting time, and child support. On September 27, after Mother and the children had relocated to Bloomington and following an evidentiary hearing, the trial court issued an order allowing the children to remain in Bloomington with Mother pending a custody evaluation.

Jill Uceny of Brighter Tomorrows, Inc., performed a custody evaluation between December 2011 and July 2012. On July 30, 2012, she filed her report with the court, recommending that Father have custody of the children. At a hearing September 11 regarding visitation, the trial court denied Mother's request to modify Father's visitation schedule. And on October 18, the court held a hearing on Father's petition to modify custody, parenting time, and support. The following day, the court issued its order ("the Order") granting Father's petition to modify custody, parenting time, and child support; awarding legal and physical custody to Father and parenting time to Mother; and ordering Mother to pay child support.[2] The Order provides, in relevant part:

> 2. [Mother] moved with the children to Bloomington, Indiana[,] in September, 2011. Notice of relocation was filed on August 26, 2011. [Father] objected to the relocation after discovering that she had moved. The Court ultimately approved the relocation so as not to require the children to change school districts in the middle of a school term.
>
> 3. There has been a significant change of circumstances since the prior Order regarding custody in that:
>
> > * The children moved from Marshall County to Bloomington.
> > * [Mother's] work and school schedule is not conducive to devoting the necessary time to care for and supervise the children.

---

[2] The court ordered Father's accrued child support delinquency to be charged weekly against Mother's child support obligation until the delinquency was extinguished and, at that point, Mother was to begin making child support payments.

    * [Father's] lifestyle provides ample time to provide the necessary care and supervision of the children.

    * The children are entering critical stages in their life [sic] where adequate supervision and care by a parent are of paramount importance.

4. It is in the best interest of the minor children that [Father] have their physical and legal custody for the following reasons:

    * Joint legal custody is not appropriate due to the distance between the parties' physical residence and their inability to effectively communicate regarding the children.

    * All the reasons noted above as "changes of circumstances[."]

    * All the reasons noted in the Evaluation Report prepared by Jill Uceny of Brighter Tomorrows, Inc. and filed with the Court on July 31, 2012.

    * Although [Father] has a criminal record and was previously incarcerated, he has taken significant steps towards rehabilitation and is now engaged in a productive and law-abiding lifestyle. [Father] now has a more stable lifestyle than [Mother,] which is beneficial for the children.

    * [Mother's] work schedule and school schedule prohibit[] her from being at home with the children for the majority of five (5) evenings per week. [Father's] work schedule allows him to be with the children each evening.

5. Effective[] Saturday, December 22, 2012, the children shall reside with [Father].

Appellant's App. at 11-12. Mother now appeals.

## DISCUSSION AND DECISION

### Standard of Review

When a parent files a notice of intent to relocate, the nonrelocating parent may object by moving to modify custody or to prevent the child's relocation. Ind. Code §§ 31-17-2.2-1(b); 31-17-2-2-5(a). When the nonrelocating parent objects, the burden is on the relocating parent to show that the proposed relocation is made in good faith and for a legitimate reason. Ind. Code § 31-17-2.2-5(c). If the relocating parent meets that burden,

then the burden shifts to the nonrelocating parent to show that the proposed relocation is not in the best interests of the children.  Ind. Code § 31-17-2.2-5(d).

A court must weigh the following factors in considering a proposed relocation, as set forth in Indiana Code Section 31-17-2.2-1(b):

(1) The distance involved in the proposed change of residence.

(2) The hardship and expense involved for the nonrelocating individual to exercise parenting time or grandparent visitation.

(3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time and grandparent visitation arrangements, including consideration of the financial circumstances of the parties.

(4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a nonrelocating individual's contact with the child.

(5) The reasons provided by the:

(A) relocating individual for seeking relocation; and

(B) nonrelocating parent for opposing the relocation of the child.

(6) Other factors affecting the best interest of the child.

"Other factors affecting the best interest of the child" include, among other things, the child's age and sex; the parents' wishes; the child's wishes, with the wishes of children fourteen years or older being given more weight; the child's relationship with parents, siblings, and any other person affecting the child's best interests; and the child's adjustment to home, school, and the community.  Ind. Code § 31-17-2-8; <u>see also</u> <u>Baxendale v. Raich</u>, 878 N.E.2d 1252, 1256 (Ind. 2008).

The relocation of a custodial parent does not require modification of a custody order. Id. But the court "may consider a proposed relocation of a child as a factor in determining whether to modify a custody order [or] parenting time order. . . ." Ind. Code § 31-17-2.2-2(b). Further, when one parent is relocating, it is not necessary for a court to find a substantial change in one of the "other factors" in Indiana Code Section 31-17-2-8 before modifying custody. See id. at 1257. "We review custody modifications for abuse of discretion with a preference for granting latitude and deference to our trial judges in family law matters." K.I. ex rel. J.I. v. J.H., 903 N.E.2d 453, 457 (Ind. 2009) (citation and quotation marks omitted).

In ruling on Father's petition to modify custody, the court entered findings of fact and conclusions thereon. Our standard of review in such cases is well-settled:

> We may not set aside the findings or judgment unless they are clearly erroneous. Ind. Trial R. 52(A); Menard, Inc. v. Dage-MTI, Inc., 726 N.E.2d 1206, 1210 (Ind. 2000). In our review, we first consider whether the evidence supports the factual findings. Menard, 726 N.E.2d at 1210. Second, we consider whether the findings support the judgment. Id. "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." Quillen v. Quillen, 671 N.E.2d 98, 102 (Ind. 1996). A judgment is clearly erroneous if it relies on an incorrect legal standard. Menard, 726 N.E.2d at 1210. We give due regard to the trial court's ability to assess the credibility of witnesses. Ind. Trial R. 52(A). While we defer substantially to findings of fact, we do not do so to conclusions of law. Menard, 726 N.E.2d at 1210. We do not reweigh the evidence; rather we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment. Yoon v. Yoon, 711 N.E.2d 1265, 1268 (Ind. 1999).

C.B. v. B.W., 985 N.E.2d 340, 343-44 (Ind. Ct. App. 2013).

Additionally, the trial court made those findings sua sponte.

When a trial court makes specific findings upon its own motion, the general judgment will control as to the issues upon which the court has not found

6

and specific findings control only as to the issues they cover. In re Marriage of Snemis, 575 N.E.2d 650 (Ind. Ct. App. 1991). Thus, it may not be necessary that each and every special finding be correct, and even where one or more special findings are clearly erroneous, the judgment may be affirmed if the judgment is supported by other findings or is otherwise supported by the record. Where, as here, special findings are entered sua sponte, the general judgment will be affirmed if it can be sustained upon any legal theory by the evidence introduced at trial. Id. While special findings entered sua sponte control as to the issues upon which the court has found, they do not otherwise affect our general judgment standard of review, and we may look both to other findings and beyond the findings to the evidence of record to determine if the result is against the facts and circumstances before the court. Id.

Id. at 344.

Also, we observe that Father has not filed an appellee's brief. Under that circumstance, we do not undertake to develop the appellee's arguments. Branham v. Varble, 952 N.E.2d 744, 746 (Ind. 2011). Rather, we will reverse upon an appellant's prima facie showing of reversible error. Id.

**Issue One:  Findings of Fact**

Mother first contends that the trial court's order modifying custody following her relocation to Bloomington is not supported by evidence in the record. In particular, she argues that the evidence does not support the trial court's findings regarding Father's lifestyle and rehabilitation.[3] We cannot agree.

---

[3] Mother also purports to challenge the evidence supporting the following findings:  (1) the fact that she had already relocated to Bloomington; (2) the finding that the children are entering "critical stages" in their lives, Appellant's App. at 11; (3) the inconvenience to Father resulting from the move; and (4) Mother's school and work schedule. But Mother does not support her arguments regarding these findings with cogent reasoning. Instead, the arguments on those points pertain to whether the trial court correctly considered those factors when deciding to modify custody, which we discuss below. To the extent Mother contends that the evidence does not support these findings, she has waived those arguments. See Ind. Appellate Rule 46(A)(8)(a).

Mother contends that the evidence does not support the trial court's findings that Father has ample time to supervise and care for the children, that Father's lifestyle is more stable than Mother's, and that Father has taken significant steps toward rehabilitation. In support, Mother points to evidence showing that Father works thirteen hours per day. She also points to his criminal history, comprised of a felony in 2004 for which he was incarcerated; felony possession of a firearm under federal law in 2009; the requirement that he complete anger management classes based on a domestic violence allegation involving Mother; and an operating while intoxicated conviction for which Father was still on probation at the time of the modification hearing. And she points out that Father had lived with several girlfriends in a short period of time, that he had a pregnant girlfriend when the custody evaluation began, that that child is Father's but Father had not yet seen it, that he had moved in with his current wife only a month after breaking up with the pregnant girlfriend, and that he married his current wife only a few months later.

But the record also shows that Father successfully completed his probation in the federal case, and Mother points to no additional arrests or convictions in the last two years. The weight of Father's criminal history relative to his more recent behavior was for the trial court to decide. With regard to Father's lifestyle, Father has been married to his current wife since 2012 and, at the time of the custody hearing, had petitioned to establish paternity of the child with his former girlfriend. Further, there was evidence that Mother has multiple boyfriends simultaneously, that the children said she sometimes sees more than one boyfriend in a single day, and that the children said Mother is rarely

8

available for the children due to her work and school schedule. Considering the facts and reasonable inferences from the facts in favor of the judgment, we cannot say that the trial court's findings regarding Father's rehabilitation and lifestyle are clearly erroneous.

**Issue Two:  Legal Standard**

Next we consider Mother's contention that the trial court relied on incorrect legal standards when it modified custody. Mother contends in part that the trial court erred because it relied on facts "unrelated to a substantial change in circumstances for purposes of custody modification[] and inconsistent with the factors set forth by the relocation statute and the best interest factors[.]" Appellant's Brief at 22. But, again, the trial court is not limited to the factors in the relocation statute, Indiana Code Section 31-17-2.2-1(b). See Ind. Code § 31-17-2.2-1(b)(6). The trial court may consider "other factors affecting the best interests" of the children, including the non-exhaustive list of factors at Indiana Code Section 31-17-2-8. Id. Additionally, and contrary to Mother's contention, the trial court need not find a substantial change in one of the "other factors" under Section 31-17-2-8 (regarding the best interests of the child) before it may modify custody in the event of the relocation of the custodial parent. See Baxendale, 878 N.E.2d at 1257. To the extent Mother contends that the trial court clearly erred because it did not find a substantial change in certain factors or because its decision is not based exclusively on the factors listed in the relocation statute or the best interest factors listed in Section 31-17-2-8, Mother's arguments must fail.

We next consider Mother's contention that the trial court applied an incorrect legal standard when it relied on certain findings when deciding whether to modify custody.

9

Specifically, Mother argues that the trial court should not have relied on the following factors when deciding whether to modify custody: (1) the fact that she had already relocated to Bloomington; (2) the finding that the children are entering "critical stages" in their lives, Appellant's App. at 11; (3) the inconvenience to Father resulting from the move; (4) Mother's school and work schedules; (5) Father's lifestyle and rehabilitation; and (6) the custody evaluation. She argues further that reliance on any of these factors is against public policy.

To the extent Mother argues that any one of these factors by itself is insufficient to support the modification of custody, we note that the trial court considered these factors collectively when it made its decision. None of these factors were used in isolation to support the trial court's decision. As such, Mother's argument regarding the reliance on any one of these factors is without merit.

But Mother is correct that one of the factors found by the trial court is not a proper consideration in custody modification cases. The trial court found that the "children are entering critical stages in their life [sic] where adequate supervision and care by a parent are of paramount importance." Appellant's App. at 11. Yet "[c]hildren grow and mature from year to year, and the fact that a child is older when a petition for modification is filed is not evidence of a significant change" in circumstances. Robertson v. Robertson, 634 N.E.2d 93, 95 (Ind. Ct. App. 1994). Moreover, Mother points out that the children were twelve years old, eleven years old, and four years old at the time of the modification hearing. While a child's needs change over time, logic does not support that children of ages with an eight-year difference are each entering "critical stages" in their lives so as to

10

make parental supervision and care any more important than at any other age of minority. To the extent the trial court relied on this finding, Mother has shown prima facie error in the trial court's reliance, if any, on this factor.

Mother also challenges the trial court's reliance on the custodial evaluation as a basis for modifying custody. Specifically, Mother argues that the court's "reliance on the reasons noted in [the] custody evaluation report, where said report is not based upon any legal standard, and unsupported by law, is clear error." Appellant's Brief at 32. Mother misunderstands the purpose of the custody evaluation.

A trial court may order a custody evaluation to be performed by, among others, a "private agency employed by the court for the purpose." Ind. Code § 31-17-2-12(a)(4). Mother argues that the custody evaluation does not rely on and employ the statutory factors to be considered when determining a request for modification of custody. But those factors are for the trial court to consider. Mother does not challenge the skills or expertise of Jill Uceny or Brighter Tomorrows. Nor did she object to the admission of the custody evaluation at trial. To the extent Mother argues that the custodial evaluation was not a proper consideration for the trial court in determining Father's modification request, Mother has not shown a prima facie error. And to the extent Mother's argument amounts to a request that we reweigh the evidence, we will not do so.

In any event, it may not be necessary that each and every special finding be correct, and even where one or more special findings are clearly erroneous, the judgment may be affirmed if the judgment is supported by other findings or is otherwise supported by the record. C.B., 985 N.E.2d at 344. Thus, if there is evidence in the record that

11

supports the trial court's decision, we may affirm. Id. We find such evidence in the present case. In particular, the trial court found that Father's work schedule would allow him evenings with the children, but Mother's work and school schedules allow her little time with them; that Mother did not take the custody evaluation process seriously, missing two appointments without calling to explain her absence; that the custody evaluation recommends awarding custody to Father, based on the parties' psychological exam results, the children's statements, and Uceny's interviews and observations of the parties with the children; and that the parties do not communicate well enough to make joint legal custody advisable. These factors, when considered with Mother's relocation to Bloomington, support the trial court's modification of custody to Father. Mother has not shown that that determination is unsupported in the record. As such, Mother has not demonstrated a prima facie error warranting reversal of the order modifying custody.

Affirmed.

BAILEY, J., and BARNES, J., concur.