**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 30 2014, 10:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL D. WESCH**
Wallace Law Firm
Covington, Indiana

ATTORNEY FOR APPELLEE:

**TRACY M. WEBER**
Wilkinson, Goeller, Modesitt,
Wilkinson & Drummy, LLP
Terre Haute, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHAD THOMAS GATES, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 83A05-1401-DR-26 |
| | ) | |
| SHANNON LEIGH GATES, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

### APPEAL FROM THE VERMILLION CIRCUIT COURT
The Honorable Bruce V. Stengel, Judge
Cause No. 83C01-0803-DR-19

**June 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Chad Thomas Gates ("Father") appeals the dissolution court's denial of his petition to modify child custody order. Father presents two issues for our review, which we consolidate and restate as whether the dissolution court abused its discretion when it denied his petition to modify child custody order.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Father and Shannon Leigh Gates ("Mother") married on June 6, 1995, and had two children together: M.G., born December 9, 1995, and C.G., born May 3, 1999. Father and Mother divorced on September 17, 2008, and the dissolution court awarded physical custody of the children to Mother, with the parties sharing legal custody. Father moved to Kentucky, but has exercised parenting time with the children since the divorce. Father lives with his fiancée, Angi Adams, and Adams' sons.

On April 15, 2013, Father filed a petition to modify the dissolution decree with respect to custody of C.G. In particular, Father alleged that C.G. "has expressed a desire to reside with his father," and that Father "desires to have the sole physical custody" of C.G. Appellant's App. at 23. Father also requested that the dissolution court appoint a Guardian Ad Litem ("GAL") "to assess the situation of the parties and their minor children." Id.

The dissolution court appointed a GAL, who conducted interviews by telephone with Father, Mother, C.G., Adams, and the school principal, Jayne Virotsko, who reported that "it was common knowledge that [C.G.] planned to go and live with his

2

father when he turned 14." Id. at 30. In his report, the GAL recommended that the dissolution court grant Father's petition to modify custody. But the GAL noted that "[o]ne difficulty in preparing this report is that all of the interviews were done by phone. Particularly with regards to [C.G.] speaking with me from his father's home there comes to mind the question of whether or not the child is expressing his true wishes in a phone interview." Id. at 33.

The dissolution court denied Father's petition after a hearing and entered the following relevant findings and conclusions:

> 8. Although the Guardian Ad Litem recommended that Father be awarded physical custody of [C.G.], said report is substantially based on the child's wishes and not on a substantial change in circumstances as required under Indiana law.
>
> 9. Under IC 31-17-2-21, the court may not modify a child custody order unless (1) the modification is in the best interests of the child; and (2) there is a substantial change in one (1) or more of the factors that the court may consider which includes as follows: (a) the age and sex of the child[;] (b) the wishes of the child's parent or parents[;] (c) the wishes of the child[;] (d) the interaction and interrelationship of the child with: the child's parent or parents, the child's sibling, and any other person who may significantly affect the child's best interests[;] (e) the child's adjustments to the child's home, school, and community[;] (f) the mental and physical health of all individuals involved[;] (g) evidence of a pattern of domestic or family violence by either parent[; and] (h) evidence that the child has been cared for by a de facto custodian.
>
> 10. In accordance with Indiana law, the Petitioner has the burden of proving that there is a substantial change in circumstances. In In re Paternity of M.J.M., 766 N.E.2d 1203, 1209 (Ind. Ct. App. 2002), the court stated "with respect to physical custody, a noncustodial parent must show something more than isolated acts of misconduct by the custodial parent to warrant a modification of child custody; he must show that changed circumstances regarding the custodial parent's stability and the child's well-being are substantial." The longstanding rule in Indiana is that a change in the child's wishes, standing alone, cannot support a change in

3

custody. This has been cited in numerous cases including <u>Williamson v. Williamson</u>, 825 N.E.2d 33 (Ind. Ct. App. 2005).

11.    [C.G.,] who is 14, currently resides with his mother, Shannon Gates (custodial parent), along with his 17 year old sister, [M.G.]. [C.G.] is a good student, who gets mostly A's with a few B's, is mature for his age, participates in many extracurricular activities and is a well rounded teenage boy. [C.G.] is adamant he wants to live with his father in Kentucky. He has made his wishes known to numerous people including the Court appointed Guardian Ad Litem. [C.G.]'s main reason for wanting to change appears to be that he has not lived with his father. [C.G.] would like to flip flop the current living arrangement. He would like to live with his father during the 9 month school year and mother during the summer months. Although the Respondent/Father . . . has pointed out a few isolated incidents involving [C.G.] and his sister, these incidents do not support a finding of material change in circumstances.

* * *

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Respondent's Petition for Modification of Custody is hereby DENIED and orders the Petitioner, Shannon Gates shall continue to have physical custody of the parties' minor child, [C.G.]

<u>Id.</u> at 12-13. This appeal ensued.

## DISCUSSION AND DECISION

The modification of a custody order lies within the sound discretion of the trial court. <u>Haley v. Haley</u>, 771 N.E.2d 743, 747 (Ind. Ct. App. 2002). Upon appeal, we will reverse a trial court's decision only upon a showing of an abuse of discretion. <u>Id.</u> An abuse of discretion is found when the trial court's decision is clearly against the logic and effect of the facts and circumstances. <u>Id.</u> We do not judge witness credibility nor reweigh the evidence. <u>Id.</u> We consider only the evidence which supports the trial court's decision. <u>Id.</u>

Further, where, as here, a trial court makes specific findings on its own motion,[1] the general judgment will control as to the issues upon which the court has not found and the specific findings control only as to the issues they cover. In re Marriage of Snemis, 575 N.E.2d 650, 652 (Ind. Ct. App. 1991). We may not reverse the trial court's findings in such circumstances unless they are clearly erroneous. Ind. Trial Rule 52(A). However, the general judgment will be affirmed if it can be sustained upon any legal theory by the evidence introduced at trial. In re Marriage of Snemis, 575 N.E.2d at 652. In short, we are bound by the trial court's findings in this case only as to the matters to which they refer. Id. The trial court's failure to support its judgment with complete findings does not mandate reversal as is required when findings have been requested. Id.

And in Best v. Best, 941 N.E.2d 499, 502 (Ind. 2011), our supreme court observed:

> Appellate deference to the determinations of our trial court judges, especially in domestic relations matters, is warranted because of their unique, direct interactions with the parties face-to-face, often over an extended period of time. Thus enabled to assess credibility and character through both factual testimony and intuitive discernment, our trial judges are in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children.

In the initial custody determination, both parents are presumed equally entitled to custody, but a petitioner seeking subsequent modification bears the burden of demonstrating that the existing custody arrangement should be altered. Green v. Green, 843 N.E.2d 23, 29 (Ind. Ct. App. 2006). A court may not modify a child custody order unless (1) the modification is in the best interests of the child and (2) there is a substantial

---

[1] A request for findings was withdrawn before the conclusion of the hearing.

5

change in one or more of the factors a court may consider under Indiana Code Section 31-17-2-8 when it originally determines custody.  See Ind. Code § 31-17-2-21.  Section 8 provides:

> The court shall determine custody and enter a custody order in accordance with the best interests of the child.  In determining the best interests of the child, there is no presumption favoring either parent.  The court shall consider all relevant factors, including the following:
>
> (1) The age and sex of the child.
>
> (2) The wishes of the child's parent or parents.
>
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
>
> (4) The interaction and interrelationship of the child with:
>
>> (A) the child's parent or parents;
>>
>> (B) the child's sibling; and
>>
>> (C) any other person who may significantly affect the child's best interests.
>
> (5) The child's adjustment to the child's:
>
>> (A) home;
>>
>> (B) school; and
>>
>> (C) community.
>
> (6) The mental and physical health of all individuals involved.
>
> (7) Evidence of a pattern of domestic or family violence by either parent.
>
> (8) Evidence that the child has been cared for by a de facto custodian. . . .

Ind. Code § 31-17-2-8. A change in conditions must be judged in the context of the whole environment, and the effect on the child is what renders a change substantial or inconsequential. In re Paternity of B.D.D., 779 N.E.2d 9, 14 (Ind. Ct. App. 2002).

Here, Father first contends that the dissolution court did not adequately consider the factors in Indiana Code Section 31-17-2-8. In particular, Father maintains that the dissolution court: did not give proper consideration to the wishes of C.G., who was at least fourteen years old at the time of the hearing; did not consider Father's wishes; and did not acknowledge the interactions and interrelationships between C.G. and his parents, siblings, and other significant individuals in C.G.'s life.[2] We cannot agree.

First, in its findings and conclusions, the dissolution court expressly acknowledged C.G.'s age and "adamant" desire to live with Father, but found C.G.'s reasons for the desired change to be unpersuasive. Appellant's App. at 13. Thus, contrary to Father's contention, the dissolution court considered C.G.'s age and wishes with respect to custody. Second, the dissolution court considered Father's wishes when it noted that Father was requesting that he be awarded custody of C.G. Third, the dissolution court acknowledged evidence of "isolated incidents involving [C.G.] and his sister" and concluded that those incidents did "not support a finding of [a] material change in circumstances." Id. Finally, with respect to the court's general judgment, we presume that the trial court correctly followed the law, and this presumption is one of the strongest presumptions applicable to our consideration of a case on appeal. See In re H.M.C., 876

---

[2] Father does not challenge the dissolution court's consideration of the statutory factors numbered 5 through 8. We note that Mother presented evidence of domestic violence perpetrated by Father.

N.E.2d 805, 807 (Ind. Ct. App. 2007), trans. denied. We reject Father's contention that the dissolution court did not adequately consider the statutory factors.

Father also contends that the dissolution court's order is clearly erroneous, but he does not direct us to any evidence of a substantial change in circumstances justifying a modification of custody. Father suggests that C.G.'s interaction and interrelationship with his sister, M.G., has undergone a substantial change, but his only support for that contention is as follows: "C.G.'s sibling, M.G.[,] had recently been in trouble for underage drinking, had admitted to smoking marijuana and had run away from both Mother['s] and Father's homes when she did not agree with what was asked of her." Appellant's Br. at 16. But Father does not explain whether or how C.G. has been impacted by M.G.'s alleged disciplinary issues. The trial court did not err when it did not consider C.G.'s relationship with M.G. to be a substantial change warranting a modification of custody, and Father's argument otherwise is merely a request for this court to reweigh this evidence.

Father also contends that the dissolution court "should have also found a substantial change in circumstances in C.G.'s interaction and interrelationship" with Father's fiancée and her two sons. Id. at 19. In particular, Father points out that C.G. has "enjoyed his time spent in Kentucky" and "would interact with his fiancée's two children during most of the summer while visiting." Id. But Father does not explain how, "in the context of the whole environment[,] . . . the effect on" C.G. renders that change substantial. See In re Paternity of B.D.D., 779 N.E.2d at 14. Indeed, that contention is merely a request that we reweigh the evidence, which we will not do. Mother presented

evidence that C.G. is well adjusted in his school and community and has good relationships with extended family who live in Indiana. The dissolution court did not err when it did not consider C.G.'s relationships with Father's fiancée and her sons to be a substantial change warranting a modification of custody.

The evidence, considered as a whole and most favorable to the judgment, does not compel a finding of change in custody such that the trial court abused its discretion in denying Father's petition to modify custody. See Hermann v. Hermann, 613 N.E.2d 471, 474 (Ind. Ct. App. 1993).

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.