**Jeffrey M. WELLS, Appellant–Respondent,**

v.

**Amy M. COLLINS, Appellee–Petitioner.**

No. 06A05–9606–CV–242.

Court of Appeals of Indiana.

May 6, 1997.

---

strong presumption that the court considered and complied with the applicable statute. *DeHaan v. DeHaan,* 572 N.E.2d 1315, 1325 (Ind.Ct.App.1991), *trans. denied* (1992). We presume the trial court followed the law and made all proper considerations in making its decision. *R.E.G. v. L.M.G.,* 571 N.E.2d 298, 300 (Ind.Ct.App.1991).

When reviewing a claim that the trial court improperly divided marital property, we must decide whether the trial court's decision constitutes an abuse of discretion, considering only the evidence most favorable to the trial court's disposition of the property. *Id.* An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Myers v. Myers,* 560 N.E.2d 39, 42 (Ind.1990). An abuse of discretion also occurs when the trial court has misinterpreted the law or disregards evidence of factors listed in the controlling statute. *Id.* Section 31–1–11.5–11 of the Indiana Code governs the disposition of marital assets in a dissolution proceeding. The court shall presume that an equal division of the property between the parties is just and reasonable, absent rebuttal. I.C. § 31–1–11.5–11(c).

Frank C. Capozza, Indianapolis, for Appellant–Respondent.

Michael J. Andreoli, Donaldson, Andreoli & Truitt, Zionsville, for Appellee–Petitioner.

## OPINION

BARTEAU, Judge.

Jeffrey M. Wells challenges the trial court's division of property in the dissolution of his marriage to Amy M. Collins. We affirm.

### STANDARD OF REVIEW

The distribution of marital assets is traditionally a matter within the sound discretion of the trial court. *In re Marriage of Davidson,* 540 N.E.2d 641, 643 (Ind.Ct.App. 1989). The party challenging the trial court's property division must overcome a

### DIVISION OF PROPERTY

Husband's claim of error is based on the final decree of dissolution. He contends that the trial court erred in deducting Wife's total inheritance from the marital pot. We agree with Husband that technically the trial court should not have shown deductions from Wife's portion of the marital estate. However, because it in no way affects the validity of the trial court's distribution of the marital property, we affirm.

The final decree of dissolution reads in pertinent part as follows:

10. At the time that the parties were married on February 3, 1986, the Wife brought substantial assets into the marriage, i.e., approximately 99% of the assets of the marriage immediately after the union. That assets that the Wife brought

into the marriage and their values are as follows:

|  |  |  |
|---|---|---|
| a) | House at 6251 North Meridian Indianapolis, Indiana | $ 130,000.00 |
| b) | Bank accounts: | |
|  | Merchants checking (50973019) | 1,043.46 |
|  | Merchants saving (12545456) | 2,432.83 |
| c) | Collins property: Lafayette Road | 1,072,328.00 |
| d) | Dean Witter account | 10,757.63 |
| e) | Furniture and household goods | 83,796.56 |
| f) | Jewelry | 34,318.50 |
|  | **TOTAL ASSETS:** | **$1,334,676.98** |

11. At the time of the marriage, the Wife also had substantial debt. These debts and their amounts are as follows:

|  |  |  |
|---|---|---|
| a) | Mortgage to Merchants Mortgage Corporation | $ 63,057.46 |
| b) | Balance on Collins Land Purchase | 546,869.93 |
|  | **TOTAL ASSETS [sic]:** | **$609,927.39** |

12. The total net assets brought into the marriage by the Wife totaled seven hundred twenty four thousand seven hundred forty nine dollars and fifty nine cents ($724,749.59). This was the second marriage of the Wife. The Husband brought into the marriage a few items of personal property, no real estate and debts. The Husband was 21 years of age and what little assets the Husband brought into the marriage were exceeded by certain debts that the Husband had at the time of the marriage.

13. During the course of the marriage, the Wife received Inheritance as a result of the death of both of her parents. The property that Wife inherited from the death of her parents and the undisputed values thereto are as follows:

Anne Collins—Mother

| | |
|---|---|
| V.A. Benefit | $ 1,341.46 |
| Inheritance Trust (Merchants) | 102,080.67 |
| Manufacturers Life | 11,018.81 |
| Quality Rare Coins | 51,530.82 |

Charles E. Collins

| | |
|---|---|
| V.V. Benefit | $ 3,367.64 |
| Manufacturers Life | 2,881.55 |
| Manufacturers Life (Death Benefit) | 300,000.00 |
| Manufacturers Life (Interest) | 1,130.14 |
| SAFECO Life Insurance (Death Benefit) | 10,000.00 |
| SAFECO Life Insurance (Interest) | 174.27 |
| V.A. Headstone Allotment | 40.00 |
| 1/2 Interest in Florida Condo | 75,000.00 |
| Wife Inherited Jewelry and Furs | 42,350.00 |
| **TOTAL INHERITANCE:** | **$600,915.36** |

14. It is undisputed that the Wife received monetary gifts from her family through and including the time of her father's death totaling seventy seven thousand five hundred dollars ($77,500). There

was no evidence presented that the parties received any monetary or other gifts during the marriage from the Husband's family.

15. Liquid assets that the Wife had prior to marriage and, subsequent to marriage, received by way of inheritance or gift were utilized by the parties to purchase other marital assets accumulated during the marriage, as well as for living expenses. Although there were certain joint bank accounts maintained during the marriage, the income generated by the Husband from his employment was deposited directly into the Husband's separately maintained bank account and primarily utilized by the Husband to enhance the Husband's lifestyle free from any responsibility for contribution towards the parties' joint marital debts. The Husband did not make any mortgage payments from any of his bank accounts.

16. The Court determines that the total marital assets subject to distribution as of April 19, 1995, to be as follows:

### ASSETS

| | | VALUES |
|---|---|---|
| a) | Collins | $ 2,630,000.00 |
| b) | Crawfordsville Property 2902 Country Club Road | 275,000.00 |
| c) | Zionsville Property 9957 Zionsville Road | 297,000.00 |
| d) | Jewelry—Wife | 86,863.00 |
| e) | Jewelry—Husband | 4,032.50 |
| f) | Furniture and Household Goods (Wife) | 50,000.00 |
| g) | Computer and Electronic Equipment (Husband) | 20,000.00 |
| h) | Bank Accounts—Wife | |
| | First National Bank (03323579) | 933.91 |
| | National City Bank (501509505) | 1,161.86 |
| i) | 1991 Suburban | 12,750.00 |
| j) | 1991 Mazda Miata (Husband Lease) | ------- |
| k) | Wife's ½ Interest in Florida Condo | 75,000.00 |
| l) | Tractor at Crawfordsville Property (Kubota) | 12,000.00 |
| m) | Toro 44" Mower | 2,000.00 |
| n) | Yard Equipment | 1,000.00 |
| | **TOTAL ASSETS** | $3,467,741.20[1] |

17. The Court finds that the marital liabilities existing as of April 19, 1995, are as follows:

| | | MONTHLY | TOTAL |
|---|---|---|---|
| a) | First National Bank (Collins property) | $ 14,951.00 | $ 1,491,730.00 |
| b) | First National Bank (Swing Loan) | 500.00 | 31,000.00 |
| c) | First National Bank (Oak Ridge Home) | 1,900.00 | 265,364.00 |
| d) | Union Federal Saving & Loan (Crawfordsville Property) | 1,746.00 | 194,354.00 |
| e) | Charge Cards (MasterCard, VISA and Lazarus) | 200.00 | 4,600.00 |
| | **TOTAL** | **$19,297.00** | **$1,987,048.00** |

1. Several of the totals in this order are incorrect. However, because the variances are insignificant and do not impact upon our decision, they do not warrant correction by this court.

18. Having determined that the marital assets subject to distribution total three million four hundred sixty seven thousand seven hundred forty one dollars and twenty cents ($3,467,741.20) and the total marital liabilities existing as of the date of the separation total one million nine hundred eighty seven thousand forty eight dollars ($1,987,048.00), the Court now determines that the net marital pot subject to distribution by this Court is one million four hundred eighty thousand six hundred ninety three dollars and twenty cents ($1,480,-693.20).

19. In the disposition of marital assets, the law requires this Court to presume that an equal division of marital property is just and reasonable. This presumption may be rebutted as set out in I.C. 31–1–11.5–11(c). This Court finds that the Wife has successfully rebutted the presumption by presenting convincing and overwhelming evidence that the vast majority of the marital estate was acquired by the Wife "prior to the marriage or through inheritance or gift.["]  (I.C.31–1–11.5–11(c)(2)). Further, this Court, in considering I.C. 31–1–11.5–11(c)(1), finds that the income producing and other non-income producing contributions that the Wife made towards the acquisition of marital property was also extremely significant. Therefore the court finds that the presumption of an equal division of marital property has been successfully rebutted by the Wife. In addition the court finds that the Husband was not employed consistently during the ten year relationship. Accordingly, the Court finds that the net assets brought into the marriage by the Wife along with the monetary and other assets inherited by the Wife from the deaths of her mother and father, respectively, will be set off to her in equivalent values as her sole property. However, as testified to by the Wife, the monetary gifts made to the parties from the Wife's family during the marriage were essentially gifts to both the Husband and Wife regardless of the origin of these monetary contributions. These gifts will not be set off to the Wife as her sole property. An equal division of the "marital pot" would be unjust and unreasonable under the factual circumstances of this particular case.

20. Given the fact that the Wife has successfully rebutted the statutory presumption that an equal division of marital property between the parties is just and reasonable, the Court now makes the following distribution of marital assets and liabilities:

### DISTRIBUTION TO WIFE:

| | |
|---|---|
| COLLINS PROPERTY | $2,630,000.00 |
| ZIONSVILLE PROPERTY | 297,000.00 |
| JEWELRY | 86,863.00 |
| FURNITURE, ETC. | 50,000.00 |
| BANK ACCOUNT | 933.91 |
| BANK ACCOUNT | 1,161.86 |
| 1991 SUBURBAN | 12,750.00 |
| FLORIDA CONDO | 75,000.00 |
| TORO MOWER | 2,000.00 |
| YARD EQUIPMENT | 1,000.00 |
| **TOTAL** | **$3,156,708.20** |

### LIABILITIES:

| | |
|---|---|
| FIRST NATIONAL BANK | $1,491,730.00 |
| FIRST NATIONAL BANK | 31,000.00 |
| FIRST NATIONAL BANK | 265,364.00 |
| CREDIT CARDS | 4,600.00 |
| **TOTAL** | **$1,792,694.00** |

| TOTAL NET ASSETS TO WIFE | $1,364,014.70 |
|---|---|

| TOTAL NET ASSETS TO WIFE:<br>DEDUCT: | $1,364,014.70 |
|---|---|
| PROPERTY WIFE BROUGHT INTO MARRIAGE: | $ (724,749.50) |
| TOTAL | $ 639,265.20 |

| DEDUCT:<br>WIFE'S INHERITANCE: | |
|---|---|
| $117,350.00 | |
| 483,565.00 | |
| 600,9[1]5.00 | $ (600,915.00) |
| TOTAL | $ 38,350.20 |

**DISTRIBUTION TO HUSBAND:**

| CRAWFORDSVILLE PROPERTY | $ 275,000.00 |
|---|---|
| JEWELRY | 4,032.50 |
| COMPUTER AND ELECTRONIC EQUIPMENT | 20,000.00 |
| KUBOTA TRACTOR | 12,000.00 |
| TOTAL | $ 311,032.50 |

| LIABILITY ON CRAWFORDSVILLE PROPERTY: | 194,351.00 |
|---|---|

| **TOTAL NET ASSETS TO HUSBAND** | **$ 116,678.50** |
|---|---|

**RECAP**

| HUSBAND | $ 116,678.50 |
|---|---|
| WIFE | 38,350.20 |
| TOTAL | $ 154,028.70 |

| WIFE'S INHERITANCE: | $ 600,915.00 |
|---|---|
| WIFE'S PROPERTY BROUGHT INTO MARRIAGE: | 724,749.50 |
| **NET MARITAL POT:** | **$1,480,693.20** |

**REMAINING MARITAL POT TO BE DIVIDED**
$154,028.70

| HUSBAND = $116,678.50 | WIFE = $ 38,350.20 |
|---|---|
| 75% | 25% |

R. 106–11.

Husband contends that it was error for the trial court to deduct the value of Wife's in- heritances. He asserts that because the in- heritances were not listed as marital assets, the trial court could not deduct their value as

a set off to Wife. Thus, Husband contends he is entitled to 75% of the $483,565.00 [2] in inherited funds allegedly erroneously set off to Wife.

Husband's contention fails for several reasons. First and foremost, it is clear that the trial court properly included the inheritances in the marital pot. The trial court determined that the net marital estate was $1,480,693.20. This figure was reached by subtracting the total liabilities ($1,987,048.00) from the total assets ($3,467,741.20). The trial court did not exclude any property, including the inheritances, from the marital pot.

Second, before any set offs or deductions were made (other than for liabilities), the trial court divided the marital pot, giving Wife $1,364,014.70 and Husband $116,678.50. The only deductions or set offs taken after this point were taken from Wife's portion of the marital pot. The value of her property brought into the marriage and the amount of her inheritances were deducted, leaving her a mere $38,350.20 of a $1.4 million dollar estate. Thus, the amount of the inheritances was not set off from the marital pot as claimed by Husband, but instead set off from Wife's share of the marital pot.

Third, the fact Wife's inheritances were not listed as a line item in the assets column is not determinative of whether they were included in the marital pot. The trial court ordered that the value of the inheritances be set off to Wife in "equivalent value." Testimony revealed that the inheritances had been spent or used to purchase marital property. Thus, there was no way to list them as a line item asset. That does not mean that Wife cannot recoup the value of the inheritances from the other marital property.

The trial court could have avoided Husband's challenge to the decree by not succumbing to the temptation to set off or deduct Wife's previously owned property and her inheritances. Such set offs and deductions are completely unnecessary. Once the trial court determines that an unequal division of the marital estate is warranted, and supports its determination, then it need only divide the property in accordance with that determination. While the trial court may use the value of previously held property or inheritances as a guide in determining an appropriate division, it is advisable to avoid using set off or deduction language to avoid confusion over the trial court's intent.

Here, the trial court found that Wife had successfully rebutted the presumption that an equal division of marital assets was just and reasonable. The trial court then found that an unequal division of the assets was warranted. In support, the trial court identified, among other factors, the fact that the vast majority of the marital estate was attributable to Wife, either through previously owned property or through inheritance. The trial court included the previously owned property and the inherited property in the marital pot, finding a net marital pot subject to distribution of $1,480,693.20. The trial court then divided the marital property, giving Wife property with a net worth of $1,364,014.70 and Husband property with a net worth of $116,678.50. This division is amply supported by the record.

While it was erroneous for the trial court at that point to "deduct" items from Wife's portion of the marital estate, the error is meaningless. The trial court had already established the total value of the marital pot and divided that pot between the parties. The erroneous references to deductions and percentage computations in no way altered that distribution of property and were merely superfluous. The calculations show only that if Wife's contributions to the marital estate are deducted, a $1,480,693.20 estate becomes a $154,028.70 estate. Because the challenged portions of the decree, while erroneous, in no way invalidate the trial court's division of property, the trial court is affirmed.

SHARPNACK, C.J., and RUCKER, J., concur.

2. Wife inherited property worth $600,915.00. However, because two inherited items, the Florida condo and Wife's jewelry, were listed as assets, Husband only claims error with respect to the remaining $483,565.00.