**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 25 2012, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**WILLIAM S. AYRES**
**THOMAS B. BRICKER**
Ayres Carr & Sullivan, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**DAVID W. STONE IV**
Stone Law Office & Legal Research
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JIMMIE I. IMMEL, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 06A01-1112-DR-600 |
| | ) | |
| JENNIFER W. IMMEL, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE BOONE SUPERIOR COURT
The Honorable Matthew C. Kincaid, Judge
Cause No. 06D01-1006-DR-334

**July 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Petitioner Jimmie I. Immel ("Husband") appeals from the trial court's order dissolving his marriage to Appellee-Respondent Jennifer W. Immel ("Wife") and dividing the parties' assets. Husband raises a number of issues which we restate as follows: (1) whether the trial court erred by adopting a nearly verbatim version of the proposed findings of facts and conclusions thereon submitted by Wife; (2) whether the trial court erred in finding that Wife was entitled to post-dissolution spousal maintenance; (3) whether the trial court abused its discretion in valuing certain items of tangible personal property; and (4) whether the trial court abused its discretion in deviating from a roughly equal distribution of the marital estate. We affirm.

## FACTS AND PROCEDURAL HISTORY

Husband and Wife were married on September 24, 1996. No children were born of their marriage, but Husband and Wife each had children from previous relationships. Husband and Wife raised their children together, with each treating the other's children as their own and expending their financial resources on the other's children.

Both Husband and Wife worked throughout the marriage and contributed to the familial finances. All assets and debts, except for a personal injury award that was held in escrow by the Boone County Clerk, were commingled by the parties. Husband and Wife separated in August or September of 2009. Since the time of their separation, Wife has experienced numerous health issues which have left her temporarily, if not permanently, unable to work.

2

On June 3, 2010, Husband filed a petition seeking the dissolution of his marriage to Wife. The parties appeared before the trial court on July 25, 2011, for an evidentiary hearing. During this hearing, the parties presented the trial court with proposed valuations of the real and personal property that made up the marital estate. Neither party arranged for an independent assessment of certain items of tangible personal property acquired by the parties during their marriage, but rather presented the trial court with widely differing proposed values of the property. The trial court heard additional evidence relating to the dissolution petition on August 17, 2011. On November 17, 2011, the trial court issued findings, conclusions thereon, and an order dissolving the parties' marriage.

On November 30, 2011, Husband filed a Motion to Correct Error and request to submit allegedly newly discovered evidence. On December 21, 2011, the trial court denied Husband's request to submit the allegedly newly discovered evidence. The trial court also denied Husband's motion to correct error, in part, acknowledging "an error in providing for a Qualified Domestic Relations Order [("QDRO")] with respect to a [Public Employees Retirement Fund ("PERF")] pension." Appellant's App. p. 85. The trial court amended its prior division of the marital estate to ameliorate the unequal property distribution that resulted from the correction of the trial court's error. This appeal follows.

**DISCUSSION AND DECISION**

Husband requested findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52(A),

> which prohibits a reviewing court on appeal from setting aside the trial court's judgment "unless clearly erroneous." The court on appeal is to give due regard

3

to "the opportunity of the trial court to judge the credibility of the witnesses." When a trial court has made special findings of fact, as it did in this case, its judgment is "clearly erroneous only if (i) its findings of fact do not support its conclusions of law or (ii) its conclusions of law do not support its judgment."

*In re Marriage of Nickels*, 834 N.E.2d 1091, 1095 (Ind. Ct. App. 2005) (quoting *Dunson v. Dunson*, 769 N.E.2d 1120, 1123 (Ind. 2002)).

## I. Whether the Trial Court Erred in Adopting a Near Verbatim Version of Wife's Proposed Findings and Conclusions

Husband contends that the trial court erred in adopting a near verbatim version of Wife's proposed findings and conclusions. Trial Rule 52(C) encourages trial courts to request that parties submit proposed findings of fact and conclusions thereon and it is not uncommon or per se improper for a trial court to enter findings that are verbatim reproductions of submissions by the prevailing party. *Id*. (citations omitted). However, the trial court should remember that when it signs one party's findings, it is ultimately responsible for their correctness. *Id*. at 1095-96 (quotation omitted). Thus, we urge trial courts to scrutinize parties' submissions for mischaracterized testimony and legal argument rather than the findings of fact and conclusions thereon as contemplated by the rule. *Id*. at 1096.

While the practice of accepting verbatim a party's proposed findings of fact can weaken our confidence that the findings are the result of considered judgment by the trial court, verbatim reproductions of a party's submissions are not uncommon as "'[t]he trial courts of this state are faced with an enormous volume of cases and few have the law clerks and other resources that would be available in a more perfect world to help craft more elegant

4

trial court findings and legal reasoning.'" *Id*. (quoting *Prowell v. State*, 741 N.E.2d 704, 708

(Ind. 2001)).

> The need to keep the docket moving is properly a high priority for our trial bench. [*Prowell*, 741 N.E.2d at 709.] For this reason, the practice of adopting a party's proposed findings is not prohibited. *Id*. Thus, although we by no means encourage the wholesale adoption of a party's proposed findings and conclusions, the critical inquiry is whether such findings, as adopted by the court, are clearly erroneous. *See Saylor v. State*, 765 N.E.2d 535, 565 (Ind. 2002) (citing *Woods v. State*, 701 N.E.2d 1208, 1210 (Ind. 1998)).

*Id*.

In arguing that the trial court erred in adopting a near verbatim version of Wife's

proposed findings, Husband complains of an alleged unequal distribution of the marital pot

and argues that the findings contain "multiple misstatements of law." Appellant's Br. p. 10.

Specifically, Husband claims that the trial court erred as a matter of law in including his

PERF funds in the QDRO[1] and in awarding all of the personal injury settlement funds to

Wife. Husband claims that these legal errors are significant enough that they should erode

our confidence in the trial court's findings.

### A. PERF Funds

Husband argues that the trial court erred by including his PERF funds in the QDRO.

The trial court acknowledged that it made a legal error in including the proceeds of

Husband's PERF account in the QDRO in its original distribution of the parties' assets. The

trial court corrected this error in its December 21, 2011 order, awarded the full $27,616.90 in

PERF funds to Husband, and amended its distribution of the assets to maintain what the trial

---

[1] Pursuant to Indiana Code section 5-10.3-8-9(a) (2009), the proceeds of a PERF account are exempt from a QDRO. *See also Everette v. Everette*, 841 N.E.2d 210, 214 (Ind. Ct. App. 2006).

court considered to be a near equal distribution of the parties' assets. Husband acknowledges that the trial court corrected its original error, but argues that the "mere fact that the trial court made such an error" should erode our confidence in the trial court's findings and conclusions. Appellant's Br. p. 11.

However, the mere fact that the trial court admitted and corrected a single error, without more, does not automatically erode our confidence in the trial court's findings and conclusions thereon. Here, the findings and conclusions thereon adopted by the trial court contained what the court, based on its valuation of the parties' assets, determined to be a near equal distribution of the parties' assets as well as an explanation of the reasoning supporting the court's findings and conclusions. The trial court modified the proposed findings and conclusions with respect to its award of spousal maintenance and attorney's fees, suggesting that the adopted findings and conclusions reflected considered judgment by the trial court. As such, we cannot conclude that the trial court erred in adopting a near verbatim version of Wife's proposed findings for this reason alone.

## B. Personal Injury Settlement Funds

Husband also argues that "[a]nother substantial legal flaw" in the trial court's findings is that it awarded the full personal injury settlement funds to Wife. Husband claims that while the trial court's decision to award the funds solely to Wife was "not an actual misstatement of law," it should nevertheless erode our confidence in the trial court's findings and conclusions because the court did not make an explicit legal conclusion regarding the personal injury settlement funds. Husband has failed to point to any authority indicating that

6

the trial court was required to make a legal conclusion regarding the settlement funds. Instead, Husband takes issue with the trial court's factual determination that all of the settlement funds should be attributed to Wife.

With regard to the personal injury settlement funds, the trial court stated that the settlement funds should be awarded to Wife because Wife was "the one who experienced the pain and suffering of the initial injuries and the recovery there from." Appellant's App. p. 15. The trial court further stated that "[t]here was no evidence that [Husband] suffered any loss that was compensated in the settlement award." Appellant's App. p. 15.

Husband claims that the settlement funds should have been split between the parties because "the settlement was in the names of both parties," and, as such, should be considered the property of both Husband and Wife. Appellant's Br. p. 12. However, the trial court heard testimony during the fact-finding hearing that raised a question as to whether Husband or Husband's attorney altered the settlement documents to include Husband's signature rather Wife's alone. The record also demonstrates that Husband indicated that he did not want "free money." Tr. p. 52. Further, Husband did not participate in the settlement process and the settlement funds did not include payment for any alleged loss by Husband. Husband does not allege that any specific portion of the funds related to a claimed loss by him, but rather claims that he suffered as a result of the accident as he had to "assume additional burdens," namely assist Wife with the requirements of her employment and various household tasks during her recovery. Appellant's Br. p. 14. The trial court found that in light of the evidence, all of the settlement funds should be awarded to Wife. We will not disturb the trial

7

court's findings in this regard.

Further, to the extent that Husband claims that the trial court committed legal error by failing to include the settlement funds in the marital estate, Husband has failed to show that the trial court did not consider the settlement funds to be a marital asset. To the contrary, the record indicates that the trial court considered the funds to be a marital asset and awarded the funds to Wife as part of her portion of the marital estate.

Husband has failed to show that the trial court committed any legal error in awarding the full settlement funds to Wife, and evidence in the record supports the trial court's decision. As such, the trial court's decision to award the settlement benefits to Wife does not erode our confidence in the trial court's findings in this regard.[2]

## II. Whether the Trial Court Erred in Finding that Wife was Entitled to Post-Dissolution Spousal Maintenance

Husband next contends that the trial court erred in finding that Wife was entitled to post-dissolution spousal maintenance. With respect to awards of spousal maintenance, Indiana Code section 31-15-7-2(1) (2009) provides as follows:

> If the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support himself or herself is materially affected, the court may find that maintenance for the spouse is necessary during the period of incapacity, subject to further order of the court.

The trial court's power to make an award of maintenance is wholly within its discretion, and we will reverse only when the decision is clearly against the logic and effect of the facts and

---

[2] Husband does not make any separate, cogent argument relating to his complaint that the trial court erred in adopting a near verbatim version of Wife's proposed findings because it resulted in an alleged unequal division of the parties' assets. As such, we will consider Husband's claims relating to the alleged unequal distribution of the marital estate below.

8

circumstances of the case. *Augspurger v. Hudson*, 802 N.E.2d 503, 508 (Ind. Ct. App. 2004) (citing *Fuehrer v. Fuehrer*, 651 N.E.2d 1171 (Ind. Ct. App. 1995), *trans. denied*). "'The presumption that the trial court correctly applied the law in making an award of spousal maintenance is one of the strongest presumptions applicable to the consideration of a case on appeal.'" *Id.* (quoting *Fuehrer*, 651 N.E.2d at 1174).

Again, where, as here, the trial court enters findings of fact from which it concluded that Wife was entitled to spousal maintenance, "'[w]e will not set aside such findings unless clearly erroneous and [will] give due regard to the opportunity of the trial court to judge the credibility of the witnesses.'" *Id.* (quoting *Cannon v. Cannon*, 758 N.E.2d 524, 526 (Ind. 2001)); *see also Fuehrer*, 651 N.E.2d at 1173 (providing that "[s]pecial findings and the judgment which rests upon those findings will be set aside only if they are clearly erroneous in that the record is devoid of facts or inferences to support the findings, or that the judgment is unsupported by the findings"). Upon review, we neither reweigh the evidence nor reassess witness credibility. *Augspurger*, 802 N.E.2d at 509 (citing *Fuehrer*, 651 N.E.2d at 1171).

Here, the trial court concluded that Wife was entitled to post-dissolution spousal maintenance. The trial court did not order Husband to pay a monthly maintenance award to Wife but ordered Husband to continue to carry Wife on his "health and hospitalization insurance until further order of the Court." Appellant's App. p. 17. Wife acknowledges that the requirement that Husband continue to carry her on his health insurance qualifies as an award of maintenance.

In arguing that the trial court erred in awarding spousal maintenance to Wife, Husband

9

claims that Wife failed to prove that she suffered from "the requisite physical or mental incapacity." Appellant's Br. p. 16. Specifically, Husband argues that the evidence is insufficient to show that Wife was incapacitated because she failed to present testimony from a physician or any credible medical evidence supporting her claim.

Here, the trial court heard testimony during the evidentiary hearing relating to Wife's incapacity and her inability to work. Wife testified to her substantial medical issues, including back and spinal issues, which required surgeries and ongoing treatment. Wife testified that her spinal issues may require an additional surgery from which it could take up to six months to recover. Wife also testified to suffering from memory loss and insomnia. Dawn Arthur, with whom Wife resided as of the date of the evidentiary hearing, testified that because of Wife's medical issues and the pain associated with these issues, Wife required assistance in taking her prescribed medications, completing household chores, and driving.

The trial court found that the evidence was sufficient to prove that Wife was, at least temporarily, incapacitated as her medical situation was fluid and may require additional medical tests and surgery. The trial court also found that Wife would likely be prohibited from obtaining her own medical insurance in light of her fluid medical situation and pre-existing conditions. The trial court ordered Husband to continue to carry Wife on his medical insurance until further order of the court and set a hearing for approximately four months later to further evaluate Wife's condition and need for spousal maintenance.

While it certainly would have been within the trial court's discretion to require Wife to present supporting medical testimony before awarding her spousal maintenance, it was also

10

within the trial court's discretion to allow for a maintenance award without first requiring Wife to submit such supporting medical testimony. *See generally, In re Marriage of Snemis*, 575 N.E.2d 650, 655 (Ind. Ct. App. 1991) (providing that the trial court could have made an award of maintenance to wife without medical evidence). The evidence demonstrates that Wife suffers from ongoing back and spinal issues which require continued care and a potential future surgery. As a result of her condition, Wife is, at least temporarily, unable to work or support herself. This evidence supports a finding of incapacity. By claiming to the contrary, Husband effectively invites this court to reweigh the evidence and to reassess Wife's and Arthur's credibility, which, again, we will not do. *See Augspurger*, 802 N.E.2d at 509.

### III. Whether the Trial Court Abused its Discretion in Valuing Certain Items of Tangible Personal Property

Husband also contends that the trial court abused its discretion in accepting Wife's proposed valuation of certain items of tangible personal property which were included in the marital estate.

> Valuation of property in a dissolution action is within the broad discretion of the trial court, and we review such valuation for abuse of discretion. *Frazier v. Frazier,* 737 N.E.2d 1220, 1225 (Ind. Ct. App. 2000) (citing *Reese v. Reese,* 671 N.E.2d 187, 191 (Ind. Ct. App. 1996), *trans. denied*). There is no abuse of discretion where sufficient evidence and reasonable inferences support the trial court's decision. *Id.* (citation omitted).

*Houchens v. Boschert*, 758 N.E.2d 585, 588 (Ind. Ct. App. 2001). "The burden of proving the value of marital assets is, and should be, on the parties to the dissolution." *Id.* (quotation and citation omitted). Moreover, "[a] valuation submitted by one of the parties is competent evidence of the value of property in a dissolution action and may alone support the trial

11

court's determination in this regard," and we "will not reverse a judgment on the basis of conflicting evidence." *Id.* at 590 (quotations omitted).

During the evidentiary hearing, the trial court heard testimony from the parties regarding their proposed valuation of certain tangible personal property.[3] Husband argued that the property in question should be valued at $1500. Husband did not offer any explanation regarding the specifics of how he arrived at this valuation, but presented photographs which he argued showed the allegedly "deplorable" condition of the property. Appellant's Br. p. 20. On the other hand, Wife testified that the property in question should be valued at $57,500. Wife testified that she came to this proposed valuation by researching new and used values of the items, or where appropriate, similar items, and assigning a value based on the condition of the property.

Upon hearing this testimony, the trial court adopted Wife's valuation of the property and included Wife's proposed valuation in the marital estate. Again, "[a] valuation submitted by one of the parties is competent evidence of the value of property in a dissolution action and may alone support the trial court's determination in this regard." *Houchens*, 758 N.E.2d

---

[3] The tangible personal property valued by the trial court includes scaffolding; three air compressors; two Stihl weedeaters; two industrial stainless steel kitchen sinks and working counters; three push lawn mowers; three chainsaws; a Craftsman leaf blower and vacuum; two rototillers; an antique "heavy" safe; a tiger saw; a Stihl industrial tile cutter; a multi-function hand held sander/metal cutter; a corded drill; three battery operated drills; a Craftsman circular saw; a Craftsman three-ton jack; two industrial shop vacuums; a Snap-On impact tool; two miscellaneous automotive motors; two wood splitters; multiple socket and wrench sets, hex bolt measurers, Allen wrenches, screwdrivers, monkey wrenches, and pipe wrenches; an industrial tool sharpener; all types and sizes of pliers and utility knives; two multi-drawer metal storage units full of nuts, bolts, washers, nails, and screws of all shapes and sizes; a Welder; drawers of saw blades, hammers, axes, tape measurers, and 6" to 4' levels; a blue point tap and die set in a case; a pipe cutter, a dethatching attachment for a lawn mower; approximately twenty-two standing and hanging shop lights; and multiple baseball bats. Appellant's App. p. 26.

12

at 590 (quotation omitted). The trial court considered the estimates presented by the parties and determined that Wife's estimate better reflected the value of the property in question. As such, we will not reverse the trial court's determination merely because Husband presented conflicting evidence with regard to the value of the property. *See id.*

### IV. Distribution of the Marital Estate

Husband also contends that the trial court abused its discretion in allegedly deviating from a roughly equal distribution of the marital estate.

> The division of marital assets lies within the sound discretion of the trial court. *Wells v. Collins*, 679 N.E.2d 915, 916 (Ind. Ct. App. 1997). "An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* As a reviewing court, we may not reweigh the evidence or assess the credibility of witnesses, and we consider only the evidence most favorable to the trial court's disposition of marital property. *Marriage of Stetler*, 657 N.E.2d 395, 398 (Ind. Ct. App. 1995), *trans. denied* (1996); *see also Goodman v. Goodman*, 754 N.E.2d 595, 599 (Ind. Ct. App. 2001) (reviewing division of property for abuse of discretion, we consider only evidence favorable to judgment). In addition, the party challenging the trial court's property division must overcome a strong presumption that the court considered and complied with the appropriate statutory guidelines. *Wells*, 679 N.E.2d at 916.

*Steffen*, 772 N.E.2d at 504-05. "Although the facts and reasonable inferences might allow for a different conclusion, we will not substitute our judgment for that of the trial court." *In re Marriage of Nickels*, 834 N.E.2d at 1095 (internal quotation omitted).

Husband argues that the trial court abused its discretion by failing to include the $89,000 child support arrearage owed to Wife by her children's father in the marital estate. Contrary to Husband's claim, we have previously held that a child support arrearage is not the property of the custodial parent and should not be considered as an asset of the marital

13

estate. *See Miller v. Miller*, 763 N.E.2d 1009, 1013 (Ind. Ct. App. 2002) (providing that the $17,675 child support arrearage owed to Wife is not an asset of the parties' marriage and should not be included in the marital estate). As such, we cannot say that the trial court abused its discretion in failing to include the child support arrearage in the parties' marital estate.

Husband also argues that the trial court abused its discretion for failing to take into account the cost of maintaining Wife on his health insurance as a financial liability in the marital estate. On appeal, Husband acknowledged that there was no evidence in the record relating to the cost of maintaining Wife on his health insurance and failed to point to any authority suggesting that the court should consider such a cost as a liability of the marital estate, and the record is devoid of any evidence relating to the alleged cost of the continued coverage of Wife on Husband's health insurance policy. The parties agree that the continued insurance coverage is a form of spousal maintenance. Debts incurred by a party after the dissolution petition has been filed, including costs relating to an award of spousal maintenance, are not to be included in the marital pot. *See Augspurger*, 802 N.E.2d at 511. As such, the trial court did not abuse its discretion in failing to include the cost of the maintenance award of continued coverage of Wife on Husband's insurance policy in the marital estate.

Upon hearing the evidence presented by the parties and taking into consideration the parties' assets and liabilities, the trial court valued that parties' marital estate at $117,996.66. The trial court imposed what it determined to be a nearly equal distribution of the parties'

14

assets, awarding approximately $60,517 worth of property to Husband and $57,479 worth of property to Wife. The trial court subsequently amended its original distribution to maintain what it considered to be a nearly equal distribution of the parties' assets after it corrected its error of including Husband's $27,616.90 in PERF funds in the QDRO. Having concluded that the trial court did not abuse its discretion in valuing certain items of tangible personal property or excluding the above-mentioned child support arrearage and the unknown future costs of continuing to cover Wife on Husband's medical insurance from the marital estate, we conclude that Husband has failed to overcome the strong presumption that the court considered and complied with the appropriate statutory guidelines. *Steffen*, 772 N.E.2d at 505 (citing *Wells*, 679 N.E.2d at 916). As such, we cannot say that the trial court abused its discretion in distributing the parties' marital estate.

The judgment of the trial court is affirmed.

VAIDIK, J., and CRONE, J., concur.