## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2020, 9:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Nathan D. Hoggatt<br>Fort Wayne, Indiana | Diana C. Bauer<br>Bauer Legal LLC<br>Fort Wayne, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stanley C. Huguenard,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Cherie M. Huguenard,<br>*Appellee-Respondent* | December 21, 2020<br><br>Court of Appeals Case No.<br>20A-DN-1341<br><br>Appeal from the Allen Circuit Court<br><br>The Honorable Thomas J. Felts, Judge<br><br>The Honorable Ashley N. Hand, Magistrate<br><br>Trial Court Cause No.<br>02C01-1904-DN-428 |

**Crone, Judge.**

# Case Summary

[1] Stanley C. Huguenard (Husband) appeals the decree dissolving his marriage to Cherie M. Huguenard (Wife). Husband asserts that the trial court erred in finding that he has a contractual interest in the marital residence and including that interest in the marital estate. We disagree and therefore affirm.

# Facts and Procedural History

[2] Husband and Wife were married in 2012. In 2019, Husband filed a petition to dissolve the marriage. In June 2020, after a hearing, the trial court issued a dissolution decree that reads in pertinent part as follows:

> 6. **DIVISION OF REAL ESTATE OR REAL ESTATE EQUITY:**
>
> 6.1 Husband owns [the marital residence] subject to a conditional sale of real estate agreement, dated May [11], 2001.
>
> 6.2 Husband's equitable interest in the real estate is a vested interest in the real estate pursuant to the contract for conditional sale of real estate executed on May 11, 2001. Husband is responsible for all maintenance, repairs, real estate taxes and insurance pursuant to the contract. Husband's interest in said real estate is an asset subject to division in the marital estate. The assessed value on the real estate is $90,900.00 and the unpaid value to Sue Hecht is $30,700.00. The equity in the real estate totals $60,200.00.
>
> 6.3 This real estate shall now be the sole and separate property of Husband.
>
> 6.4 Wife shall execute a Quit-Claim deed and all other necessary

documents transferring all right, title and interest in and to the real estate to Husband, thereby extinguishing the interest of Wife herein.

….

8. **ADDITIONAL PROVISIONS RELATING TO PROPERTY:**

8.1  The division of property and assignment of liabilities entered herein is an equal, just, reasonable, fair and equitable award thereof under the facts presented at trial, including the parties' agreement of the same.

8.2  Wife's net marital estate totals $500.00.  Husband's net marital estate totals $65,506.00.  Husband shall pay to Wife the sum of $32,503.00 by way of property equalization judgment between the parties.  Judgment is so entered.

Appealed Order at 3-4 (citations omitted).  Husband now appeals.  Additional facts will be provided below.

# Discussion and Decision

Husband contends that the trial court erred in finding that he has a contractual interest in the marital residence and including that interest in the marital estate. "The division of marital assets, including a determination of whether an asset is a marital asset, is within the trial court's discretion." *Tyagi v. Tyagi*, 142 N.E.3d 960, 964 (Ind. Ct. App. 2020), *trans. denied*.  We review the trial court's decision for an abuse of discretion, considering only the evidence most favorable to that decision. *Wells v. Collins*, 679 N.E.2d 915, 916 (Ind. Ct. App. 1997).  An abuse of discretion occurs if the trial court's decision is clearly against the logic and

effect of the facts and circumstances, or if the court has misinterpreted the law. *Id*. "We presume the trial court followed the law and made all proper considerations in making its decision." *Id*. The party challenging the trial court's property division must overcome this strong presumption. *Id*.

[4] "It is well settled that in a dissolution action, all marital property goes into the marital pot for division, whether it was owned by either spouse before the marriage, acquired by either spouse after the marriage and before final separation of the parties, or acquired by their joint efforts." *Falatovics v. Falatovics*, 15 N.E.3d 108, 110 (Ind. Ct. App. 2014) (citing, inter alia, Ind. Code § 31-15-7-4(a)). "For purposes of dissolution, property means '*all* the assets of either party or both parties.'" *Id*. (emphasis in *Falatovics*) (quoting Ind. Code § 31-9-2-98). "Indiana's 'one pot' theory prohibits the exclusion of any asset in which a party has a vested interest from the scope of the trial court's power to divide and award." *Id*. (quoting *Wanner v. Hutchcroft*, 888 N.E.2d 260, 263 (Ind. Ct. App. 2008)).

[5] Husband argues that he did not have a vested interest in the marital residence, and therefore the trial court abused its discretion in including his interest in the marital estate. This Court has stated that "an equitable interest in real property titled in a third-party, although claimed by one or both of the divorcing parties, should not be included in the marital estate." *In re Marriage of Dall*, 681 N.E.2d 718, 722 (Ind. Ct. App. 1997). But this rule does "*not* apply where the real estate is titled in a third-party, and husband and/or wife are the contract purchaser." *Id*. at n.5 (emphasis added). "In that case, the parties have a vested

interest in the contract, which is a marital asset, and their equitable interest in the real estate is not indeterminate but is derived from the contract." *Id.*

[6]     The evidence most favorable to the trial court's judgment indicates that on May 11, 2001, Husband executed a contract with Hecht to purchase the residence for $60,000. Ex. Vol. 3 at 10-14 (Petitioner's Ex. 4). The contract provides that Husband would pay Hecht $539.84 per month from June 2001 until May 2006, at which point the unpaid balance would be paid in full. The contract also provides that the unpaid purchase price would bear interest at the rate of nine percent a year and that Husband would be responsible for paying property taxes, among other things. At the hearing, Husband testified that he did not make the balloon payment in May 2006, but that he and Hecht had a "verbal agreement from then on" for him to keep "paying her the monthly amount[,]" which he has done ever since. Tr. Vol. 2 at 48. Hecht testified that Husband still owed her $30,700, that he had "been taking care of" the property taxes, and that "he has a nine and a half percent [sic] interest rate. Which means most of [the] money [that he paid her] is interest and not [principal]." *Id.* at 59, 63. And Wife offered into evidence without objection a handwritten note from Hecht stating that Husband "is purchasing this property on a land contract" and still owes her $30,700. Ex. Vol. 3 at 20 (Respondent's Ex. A-10).

[7]     Husband contends that the "2001 real estate contract is not valid as by its terms, it expired in 2006. The only evidence of a subsequent contract is oral. A contract for the sale of land is required to be in writing." Appellant's Br. at 8. Husband drops a footnote citing the Statute of Frauds, Indiana Code Section

32-21-1-1, and asserts, "[a]s a consequence, there is no valid contractual agreement to have any interest in." *Id*. We disagree. It is well settled that the Statute of Frauds "does not govern the formation of a contract but only the *enforceability* of contracts that have been formed." *Fox Dev., Inc. v. England*, 837 N.E.2d 161, 165 (Ind. Ct. App. 2005) (emphasis added); *see* Ind. Code § 32-21-1-1(b) (providing in pertinent part that a person may not bring "[a]n action involving any contract for the sale of land" unless the contract on which the action is based "is in writing and signed by the party against whom the action is brought"). "Contracts are formed when parties exchange an offer and acceptance." *Fox Dev., Inc.*, 837 N.E.2d at 165. Assuming, as Husband does, that the 2001 written contract "expired" in 2006, the record clearly establishes that he and Hecht subsequently exchanged a verbal offer and acceptance for the purchase of her home. Because Husband is the contract purchaser of the marital residence, the trial court did not abuse its discretion in including his vested contractual interest in the marital estate. *Dall*, 681 N.E.2d at 722 n.5. Therefore, we affirm.

[8] Affirmed.

Najam, J., and Riley, J., concur.