**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**RODNEY V. SHROCK**
Kokomo, Indiana

ATTORNEY FOR APPELLEE:

**PATRICK J. ROBERTS**
Roberts Law Firm
Peru, Indiana



FILED

Dec 18 2012, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAN STRANAHAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 52A02-1205-DR-399 |
| | ) | |
| DEBRA HAINES, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE MIAMI CIRCUIT COURT
The Honorable Robert A. Spahr, Judge
Cause No. 52C01-9304-DR-174

**December 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

In March of 1994, Dan Stranahan and Debra Haines divorced after approximately twelve years of marriage. During the divorce proceedings, the parties agreed and the trial court found that Debra, who suffers from paranoia-type chronic schizophrenia with a history of hallucinatory activity, was physically and mentally incapacitated to the extent that her ability to support herself was materially affected. In light of Debra's incapacity, Dan agreed to pay maintenance to Debra in the amount of $100 a week until further order of the court. At the time of the parties' divorce, Debra was not receiving social security disability benefits, did not have any financial assets, and did not have the means to support herself. However, the undisputed evidence demonstrates that during the intervening years, Debra began receiving $753.00 per month in social security disability benefits and has amassed over $110,000.00 in assets.

On January 3, 2012, after paying maintenance to Debra as ordered for approximately eighteen years, Dan filed a petition to terminate his maintenance obligation. In support of his petition, Dan asserted that his obligation to pay maintenance to Debra should be terminated because there had been a substantial change in Debra's financial position since the parties' divorce. Following a hearing, the trial court denied Dan's petition, finding that the evidence was insufficient to prove a substantial change in the circumstances warranting termination of the original maintenance order. Concluding that the undisputed evidence demonstrates a substantial and continuing change in Debra's financial position and, consequently, her ability to financially provide for herself, we reverse and remand the matter to the trial court with

2

instructions for the court to enter an order granting Dan's petition to terminate his maintenance obligation.

## FACTS AND PROCEDURAL HISTORY

Dan and Debra married on September 25, 1981. They did not have any children together and divorced in March of 1994, after approximately twelve years of marriage. In the parties' divorce settlement, Dan and Debra agreed that Debra suffered from "a psychotic disorder which is a paranoia type chronic schizophrenia with a history of hallucinatory activity, and therefore maintenance for [Debra] is necessary during the period of her incapacity, subject to further order of the Court." Appellant's App. p. 13. In light of Debra's incapacity, Dan agreed to pay maintenance to Debra in the amount of $100.00 per week until further order of the court. The trial court accepted the parties' divorce settlement and ordered Dan to pay $100.00 per week to Debra as spousal maintenance until further order of the court pursuant to Indiana Code section 31-1-11.5-11(e)(1).[1]

On January 3, 2012, after paying $100.00 per week in maintenance to Debra for approximately eighteen years, Dan filed a petition to terminate his maintenance obligation. In support of his petition, Dan claimed that there had been a substantial change in the circumstances surrounding the original maintenance award which warranted the termination of his obligation to pay maintenance to Debra. Specifically, Dan argued that there had been a substantial change in Debra's financial position, and, consequently, her ability to provide for herself.

---

[1] Indiana Code section 31-1-111.5-11(e)(1) has since been repealed and is now codified, in pertinent part, at Indiana Code section 31-15-7-2. *See* 1997 Ind. Legis. Serv. P.L. 1-1997.

The trial court conducted a two-day hearing on Dan's petition on April 4 and April 10, 2012. The undisputed evidence presented during this hearing demonstrated that while Debra was not receiving social security disability benefits and had arguably no financial assets at the time of the divorce, at the time of the hearing, Debra was receiving $753.00 per month in social security disability benefits[2] and has amassed over $110,000.00 in financial assets. The evidence also demonstrated that Debra lived a relatively simple lifestyle which included going to work, getting groceries, and attending church, and that Debra did not often do things like going to the movies, eating out, or taking vacations. For Dan's part, the undisputed evidence demonstrated that, while Dan was still financially able to make the $100.00 per week maintenance payments, he was nearing retirement and was making less annual income than he was at the time of the divorce.[3] On April 16, 2012, the trial court issued an order denying Dan's petition for termination of his maintenance obligation in which it stated that Dan had failed to present sufficient evidence to warrant the requested relief. This appeal follows.

## DISCUSSION AND DECISION

Dan contends that the trial court abused its discretion in denying his petition to terminate his maintenance obligation.

> A trial court has broad discretion to modify a spousal maintenance award, and
> we will reverse only upon an abuse of that discretion. [*In re Marriage of*

---

[2] Debra receives $852.90 in social security disability benefits per month minus $99.90 which is deducted for Medicare medical insurance.

[3] The only disputed evidence concerns the amount of funds received by Dan's current wife from investments she made independent of Dan. The evidence concerning Dan's current and future income is not in dispute.

4

*Erwin*, 840 N.E.2d 385, 389 (Ind. Ct. App. 2006)]. An abuse of discretion will be found if the trial court's decision is clearly against the logic and effect of the facts or reasonable inferences to be drawn therefrom, if the trial court misinterprets the law, or if the trial disregards evidence of factors in the controlling statute. *Lowes v. Lowes*, 650 N.E.2d 1171, 1174 (Ind. Ct. App. 1995).

*Mitchell v. Mitchell*, 875 N.E.2d 320, 323 (Ind. Ct. App. 2007).

"The burden is on the party moving for modification to show changed circumstances so substantial and continuing as to make the previous maintenance order unreasonable." *Lowes*, 650 N.E.2d at 1174 (internal quotation omitted).

In determining whether a substantial change of circumstances has occurred which renders the original award of maintenance unreasonable, a trial court should consider the factors underlying the original award. [*Roberts v. Roberts*, 644 N.E.2d 173, 178 (Ind. Ct. App. 1994)]. Those factors include the financial resources of the party seeking to continue the maintenance, the standard of living established in the marriage, the duration of the marriage, and the ability of the spouse from whom the maintenance is sought to meet his or her needs while meeting those of the other spouse seeking maintenance. *Id.*

*Lowes*, 650 N.E.2d at 1174.

Where, as here, the party bearing the burden of proof at trial receives an adverse judgment, he appeals a negative judgment. *See Fuehrer v. Fuehrer*, 651 N.E.2d 1171, 1175 (Ind. Ct. App. 1995), *trans. denied*. "The party appealing from a negative judgment must show that the trial court's judgment is contrary to law." *Id*. "Thus, we may reverse only when the evidence is without conflict and leads unerringly to a conclusion different from that reached by the trial court." *Id*.

In the instant matter, it is undisputed that Debra's medical condition has not changed since the time of the parties' divorce. She continues to suffer from paranoia-type chronic

schizophrenia. Debra also continues to lead a relatively simple lifestyle. It is also undisputed that Dan continues to be financially able to make the maintenance payments to Debra, although his annual income has decreased since the parties' divorce and he is nearing retirement. As such, in order to determine whether there has been a substantial and continuing change that would warrant termination of Dan's maintenance obligation, we must determine whether Debra's financial position has changed such that she is able to financially support herself. *See Mitchell*, 875 N.E.2d at 324 (providing that the statutory authority relating to modification or termination of a spousal maintenance order focuses on the receiving spouse's ability to support herself). We conclude that it has.

The undisputed evidence demonstrates that Debra receives sufficient funds each month to support her lifestyle and financial needs. Debra's mother, with whom Debra lives and who is familiar with Debra's finances, testified that Debra lives off of the $100.00 per week maintenance payments she receives from Dan and saves all other monies received, including her income from her job at a local consignment shop and her social security disability benefits. Debra did not dispute her mother's testimony regarding her ability to live on the maintenance funds received from Dan while saving all of her other income. Debra also acknowledged that her financial position has greatly improved since her divorce from Dan in 1994.

Considering that the $753.00 in social security disability benefits received each month is nearly double the amount of maintenance received from Dan, the undisputed evidence demonstrates that Debra's financial position is such that she could adequately support herself

6

with the social security disability benefits she receives each month and still be able to add to her savings without receiving maintenance from Dan. In addition, Debra now has substantial financial assets at her disposal that she did not have at the time of the parties' divorce. Again, during the eighteen years that Dan has been paying maintenance to Debra, Debra has amassed more than $110,000.00 in financial assets.

While we are sympathetic to Debra's desire to save as much as she can so to be in a better position to pay any future unknown living and medical expenses that she may incur as a result of her condition, we must conclude that the undisputed evidence leads unerringly to the conclusion that Debra's improved financial position, which again includes $753.00 in social security disability benefits per month, an income from her job at a consignment shop, and financial assets of over $110,000, demonstrates that Debra is now capable of supporting herself without the assistance of maintenance payments from Dan.  Nothing in the record suggests that Debra will not continue to receive social security disability benefits or will lose control of the financial assets she has amassed since the parties' divorce in 1994.  As such, we conclude that the undisputed evidence demonstrates that there has been substantial and continuing change in the circumstances which necessitated the original maintenance order.

The judgment of the trial court is reversed and the matter is remanded to the trial court to enter an order granting Dan's petition to terminate Dan's maintenance obligation.

NAJAM, J., and FRIEDLANDER, J., concur.